## NUNN v. STATE OF INDIANA.

[No. 8,636. Filed December 9, 1913.]

1. PARENT AND CHILD.—Neglect of Children.—Findings.—A finding of facts showing that defendant was a married woman, the mother of two children under fourteen years of age, that her husband was employed in another town, that during his absence she visited wine rooms until late at night and brought a man home with her on several occasions, and had sexual intercourse with him for hire until a late hour in a room near where her young children were, and on one occasion had sexual intercourse with him while her seventeen-year-old daughter was having such intercourse with another man in the same room, and that she practically made a house of prostitution of her apartments, was

sufficient to show that defendant's children were neglected, and that she contributed to their neglect, within the meaning of §§1643, 1645 Burns 1908, Acts 1907 p. 59, defining a neglected child and providing for the punishment of any person who encourages, counsels or contributes to the neglect of a child. p. 39.

From Juvenile Court of Marion County (7,402a); *Newton M. Taylor*, Judge.

Prosecution by the State of Indiana against Dora Nunn. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Harvey G. Hargrove*, for appellant.

*Thomas M. Honan*, Attorney-General, and *Thomas H. Branaman*, for the State.

IBACH, J.—Dora Nunn was convicted in the Marion Juvenile Court of neglecting and contributing to the neglect of her children under the age of sixteen years, the action being based upon §1645 Burns 1908, Acts 1907 p. 59. She appeals to this court, under §1635 Burns 1908, Acts 1907 p. 221. It is asserted that the decision of the court is contrary to law in that the facts found by the court do not sustain the judgment.

A neglected child, as defined by §1643 Burns 1908, Acts 1907 p. 59, is "any boy under the age of sixteen (16) years or any girl under the age of seventeen (17) years, who has not proper parental care or guardianship; or who habitually begs or receives alms; or who is found living in any house of ill-fame, or with any vicious or disreputable persons; or who is employed in any saloon; or whose home by reason of neglect, cruelty or depravity on the part of its parent or parents, guardian or other person in whose care it may be, is an unfit place for such child; or whose environment is such as to warrant the state, in the interest of the child, in assuming its guardianship." Section 1645 Burns 1908, Acts 1907 p. 59, provides that "When any child is found to be * * * neglected as defined by sections 1 and 2 [§1643, *supra*] of this act, the parent, parents, person or persons

having the care, custody or control of such child, or any other person, who is or are responsible for, or who by any act or omission of duty encourages, counsels or contributes to the neglect of such child, or who, by reason of wilful neglect of any duty owing by said parent or parents, person or persons to such child, is or are responsible for its neglect,'' shall be deemed guilty of a misdemeanor, and upon conviction in a juvenile court, shall be punished in a manner specified.

The facts found by the court show that appellant is a married woman, and she and her husband are the parents of two children under the age of fourteen; that she lives in Indianapolis, while her husband is working in Muncie; that her husband can only occasionally visit his family, but furnishes all necessary provision for their support; that soon after her husband went to Muncie to work, appellant began to visit wine rooms and to stay out late at night at such places away from her home and her small children; that at one of such wine rooms she met a man named Allen, drank intoxicating liquor with him, and then went to a room with him and spent the greater part of the night in immoral practices; that afterwards Allen began to visit her in her home, and would stay there late at night, engaging in sexual intercourse with her in a room in her apartment near where her children were sleeping; that he sometimes went there in the daytime and she would send the children away and engage in immoral practices with him; that on one occasion, she permitted Allen to bring another man with him to her apartment adjoining that in which her small children were, and she engaged in sexual intercourse with him and the other man engaged in sexual intercourse with her seventeen-year-old daughter, all in the same room at the same time; that she practically made a house of prostitution of her home where her small children were living under her care and custody, and received money from Allen for her immoral conduct,

which she continued until shortly before the trial of this cause.

These facts speak for themselves and conclusively show, that appellant's children were neglected, and that she contributed to their neglect, within the meaning of the statute. She was not giving them proper parental care, for by her depravity their home became an unfit place for them, and they were virtually living in a house of ill-fame, with disreputable persons.

Judgment affirmed.

NOTE.—Reported in, 103 N. E. 439. See, also, 22 Cyc. Anno. 525; 29 Cyc. 1676.