## 20046. JONES *v.* THE STATE.

DUCKWORTH, Chief Justice. Will Henry Jones was indicted by the grand jury of Spalding County for the offense of misdemeanor, the indictment charging that he "unlawfully and with force and arms while having custody, control, and supervision of 6 minor children, . . . being the father of said children, did knowingly and wilfully do acts which he knew and should have known would produce, promote, and contribute to the conditions which render children delinquent and neglected, to wit: 1. From on about November 19, 1957, until on about December 3rd, 1957, while his wife was confined in hospital, be and remain in a drunken and intoxicated condition in the presence of said children, and did use profane and abusive language to and in the presence of said children." To this indictment the accused filed his demurrer upon the

grounds that: (1) the allegations therein are insufficient to charge any offense under the law, and (2) the statute (Code, Ann., § 26-6802; Ga. L. 1953, Nov.-Dec. Sess., p. 321), under which it is drawn, is a denial of due process as guaranteed by the 14th amendment of the Constitution of the United States. The demurrer was overruled, and this exception assigns error upon that judgment. *Held:*

The statute under which the indictment is drawn is expressly limited to "delinquent or neglected children" as the persons affected by the forbidden acts and conduct of others therein recited. To constitute a valid indictment thereunder, it is necessary to allege that the accused has so acted and affected a delinquent or neglected child or children. This indictment shows that the 6 children therein referred to were in the care, custody and control of their father, and is completely silent as to the conduct and character of these children. This fatal deficiency renders it unnecessary for us to rule upon whether or not the specific and sole charges of wrongdoing, to wit: "be and remain in a drunken and intoxicated condition in the presence of the children and did use profane and abusive language to and in the presence of the children," constitutes any of the acts forbidden by the statute. This ground of the demurrer was meritorious, and it was error to overrule the same. Since the judgment must be reversed, it is unnecessary to rule upon the constitutional question raised in the demurrer.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 14, 1958—DECIDED MAY 7, 1958.

*Beck, Goddard & Smalley, Robert H. Smalley,* for plaintiff in error.

*Andrew J. Whalen, Jr., Solicitor-General,* contra.