### 39100. WALKER v. THE STATE.
### 39101. EBRON v. THE STATE.

TOWNSEND, Presiding Judge. 1. An accusation under *Code Ann.* § 26-6802 making it a misdemeanor to do any act which the defendant knew or should have known would produce, promote, or contribute to conditions rendering a child delinquent or neglected must further allege that the child is delinquent or neglected. *Jones v. State*, 214 Ga. 163 (103 SE2d 559). The accusations here specifically allege that the named minors are "neglected children."

2. Such accusation is not subject to general demurrer on the ground that the words "neglect" and "neglected" are not defined either in the statute or the accusation and have no established legal meaning. Neglect by general definition implies the omission of a care or duty. It has frequently been held, as to minors, that a child may be a neglected child either when it is not provided with necessaries or where by reason of the parents' improvidence and neglect it is placed in unfit surroundings or exposed to unfit, immoral and depraved influences, not conducive to its health, morals or well-being. State v. Lefebvre, 91 N. H. 382 (20 A2d 185); In re Sherill, 206 La. 457 (19 S2d 203); Nunn v. State, 55 Ind. App. 37 (103 NE 439); In re Kowalke's Guardianship, 232 Minn. 292 (46 NW2d 275).

3. One of the accusations charged the defendant father of the three named little girls in that part of the language of *Code Ann.* § 26-6802 set out above, further alleging the prohibited acts to be that the defendant did himself, and did allow the

other defendant in the presence of the children, to appear before them in a drunken and semi-nude condition, and charged the codefendant, a mature male, with so appearing and making suggestive remarks to them. Under the broad definition of neglected children such allegations are sufficient to show a deliberate exposure of the children to conditions which would render such children neglected by reason of an immoral environment.

The demurrer was accordingly properly overruled.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 28, 1961—REHEARING DENIED
OCTOBER 10, 1961.

*Casey Thigpen,* for plaintiffs in error.
*Thomas A. Hutcheson, Solicitor,* contra.