## 54651. DABNEY v. THE STATE.

WEBB, Judge.

To support a conviction for the criminal offense of contributing to the delinquency of a minor, the accusation must allege, and the evidence must show, that the person affected by the forbidden acts and conduct of others was a delinquent or neglected child. That is the manner in which the statute is written, and it has been so applied by our Supreme Court. Code Ann. § 24-9904.1[1] (formerly § 26-6802); *Jones v. State,* 214 Ga. 163, 164 (103 SE2d 559) (1958). Chief Justice Duckworth, speaking for the court, said: "The statute under which the indictment is drawn is expressly limited to 'delinquent or neglected children' as the persons affected by the forbidden acts and conduct of others therein recited. To constitute a valid indictment thereunder, it is necessary to allege that the accused has so acted and affected a delinquent or neglected child or children." See also *Walker v. State,* 104 Ga. App. 595 (1) (122 SE2d 486) (1961).

Here the accusation did not specify the Code section and did not allege that the child involved was delinquent or neglected, and neither was there any evidence to show that the child was delinquent or neglected.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

---

[1] "When any parent, guardian, or person having the custody, control or supervision of any delinquent or neglected child, or any other person has knowingly and wilfully encouraged, aided, caused, abetted, or connived at such state of delinquency or neglect, or has wilfully done any act or acts which he knew or should have known would produce, promote or contribute to, or tend to produce, promote or contribute to the conditions which render such a child delinquent or neglected, such parent, guardian or other person shall be guilty of a misdemeanor and may be punished as for a misdemeanor."

SUBMITTED OCTOBER 5, 1977 — DECIDED OCTOBER 26, 1977.

*Smith & Bell, William W. Bell, Jr.,* for appellant.
*Douglas E. Smith, Solicitor,* for appellee.