A90A0130, A90A0131. BURBRIDGE v. HENSLEY; and vice versa.
(391 SE2d 5)

SOGNIER, Judge.

Pursuant to the procedures of the Columbia County Civil Service Commission (the "Commission"), Carolyn Burbridge filed a grievance with the Columbia County Grievance Committee (the "Committee") protesting her termination from employment with the Columbia County Sheriff's Department. The Committee found that Burbridge should be reinstated with pay, and the Commission affirmed the Committee's decision. Upon the refusal of Otis Hensley, the Sheriff of Columbia County, to reinstate her, Burbridge filed this action in superior court against Hensley individually and in his official capacity, seeking reinstatement and back pay. Hensley filed a motion for summary judgment, which was granted, and Burbridge appeals. Hensley cross-appeals from the trial court's refusal to declare unconstitutional

the provisions of OCGA § 36-1-21, which provides for the establishment of county civil service systems.

1. In case no. A90A0130, Burbridge (hereinafter appellant) contends the trial court erred by granting summary judgment to Hensley (hereinafter appellee). The trial court granted summary judgment to appellee on the ground that the procedure used by the governing authority of the county to bring the Sheriff's Department under the Civil Service Commission's jurisdiction was defective in several respects, and that therefore the Civil Service Commission exercised no jurisdiction over employees of the Sheriff's Department. We agree and affirm.

Pursuant to Art. IX, Sec. I, Par. IV of the 1983 Georgia Constitution, the legislature enacted OCGA § 36-1-21, which provides, in pertinent part, as follows: "(a) The governing authority of any county is authorized to provide by ordinance or resolution for the creation of a civil service system for employees of the county, other than elected officials or persons appointed to positions for specified terms. (b) Subsequent to the creation of a civil service system, the county governing authority which created the system may provide by ordinance or resolution that positions of employment within departments subject to the jurisdiction of elected county officers or subject to the jurisdiction of other commissions, boards, or bodies of the county shall be subject to and covered by the civil service system upon the written application of the elected county officer, commission, board, or body having the power of appointment, employment, or removal of employees of the officer, department, commission, board, or body. Once positions of employment are made subject to the civil service system, such positions shall not be removed thereafter from the coverage of the civil service system."

" '[S]tatutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation. (Cit.)' [Cit.]" *Georgia Turkey Farms v. Hardigree*, 187 Ga. App. 200, 202-203 (369 SE2d 803) (1988). Contrary to appellant's argument, the most obvious meaning of the quoted sections of OCGA § 36-1-21 is the trial court's construction: after the governing body of a county has authorized, by ordinance or resolution, the creation of a civil service commission to cover county employees other than elected officials or persons appointed for a definite term, it may by *subsequent* ordinance or resolution provide that employees of the departments of elected officials or other county bodies may, by written application of the elected official or other department head, seek to be brought under the civil service commission as well.

The record reveals that although in 1986 Columbia County lawfully enacted an ordinance creating a civil service commission pursu-

ant to the provisions of OCGA § 36-1-21 (a), that ordinance did not apply to employees of departments headed by elected officials, such as the sheriff. At no time before April 28, 1987, when the interim appointed sheriff of Columbia County attempted, by letter to the county clerk, to have his employees covered by the provisions of the civil service ordinance, did the county enact a second ordinance or resolution pursuant to OCGA § 36-1-21 (b) providing that employees of elected officials could be made subject to the civil service system by written application of the elected official. Under the plain meaning of OCGA § 36-1-21 (b), until the enactment of such an enabling ordinance, no elected official was authorized to make application to bring his department under the civil service system, and the attempt of the interim sheriff to do so here was invalid. We must conclude, therefore, that because the sheriff's department was not subject to the procedures of the civil service system in Columbia County and the sheriff was not bound by the Commission's direction to reinstate appellant, the trial court did not err by entering summary judgment in favor of appellee.

2. Because we affirm the trial court's grant of summary judgment to appellee, we need not reach the issue of the constitutionality of OCGA § 36-1-21, raised in the cross-appeal, which is accordingly dismissed.

*Judgment affirmed in case no. A90A0130; appeal dismissed in case no. A90A0131. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 30, 1990 —
REHEARING DENIED FEBRUARY 14, 1990 — 

*E. Ronald Garnett*, for appellant.
*N. Kenneth Daniel*, for appellee.