## S90A0961. DIEFENDERFER v. PIERCE.
(396 SE2d 227)

CLARKE, Chief Justice.

Allen Diefenderfer filed a petition for an order quo warranto, asking the court to declare that James Pierce, who does not have a college degree, does not possess the statutory qualifications for the position of Executive Assistant to the Chief Executive Officer of DeKalb County. The court denied the motion. We reverse.

The qualifications for the position, found in Georgia Laws of 1981 at 4321, are:

(c) The Executive Assistant shall hold a college degree in public administration, political science, urban affairs, business administration, engineering, or a related field *and* must have at least five years of experience in a supervisory capacity as an employee, director, administrator, or manager of a city or county government or a state or federal agency or equivalent experience in the private sector or any combination thereof. (Emphasis supplied.)

The trial court found that Pierce does not have a college degree, but is otherwise qualified for the position. The court relied on the phrase "or any combination thereof," and construed the act to allow Pierce to hold the position. We cannot concur with the trial court's construction of the act.

In construing a legislative act, a court must first look to the literal meaning of the act. *Telecom*USA v. Collins,* 260 Ga. 362 (393 SE2d 235) (1990). If the language is plain and does not lead to any absurd or impractical consequences, the court simply construes it ac-

cording to its terms and conducts no further inquiry. *Hollowell v. Jove*, 247 Ga. 678 (279 SE2d 430) (1981). Here, the language of the act is plain and unambiguous.

There are two components to the qualifications for Executive Assistant to the Chief Executive Officer of DeKalb County: an education component and an experience component. Both education *and* experience are required. The phrase "any combination thereof" logically and correctly applies only to the work experience component. It cannot mean that any combination of experience can substitute for the education requirement.

Therefore, we conclude that Pierce does not meet the statutory qualifications for the position.

*Judgment reversed. All the Justices concur, except Weltner, J., not participating.*

DECIDED SEPTEMBER 27, 1990.

*Kraus & Spears, John W. Spears, Jr.,* for appellant.
*Albert Sidney Johnson, Joan F. Roach, Mullins & Whalen, Andrew J. Whalen III,* for appellee.