**Richard M. ZIMMERMAN, Plaintiff,**

v.

**CHEROKEE COUNTY,
et al., Defendants.**

Civil Action No. 1:93–cv–915–HTW.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 27, 1995.

---

Paul M. Hoffman, Deming Born & Parker, Norcross, GA, Mark Bowyer McManus, Sr., Office of Mark B. McManus, Sr., Roswell, GA, for plaintiff.

Michael Allen O'Quinn, Barnhart O'Quinn & Williams, Atlanta, GA, for defendants.

## ORDER OF COURT

HORACE T. WARD, Senior District Judge.

This matter is before this court on defendants' motion for summary judgment. This case is related to the following cases before this court: *Olinde v. Cherokee County, et al.,* 1:93–cv–1093–HTW; *Swain v. Cherokee County, et al.,* 1:93–cv–1176–HTW; *Galloway v. Cherokee County, et al.,* 1:93–cv–1675–HTW; and *Hunter v. Cherokee County, et al.,* 1:93–cv–1676–HTW. This case also is related to *Raley v. Cherokee County, et al.,* Case No. 1:93–cv–1472–JOF, before the Honorable J. Owen Forrester. In an order filed September 27, 1995, Judge Forrester granted defendants' motion for summary judgment in that case.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1983 in connection with plaintiff's termination from employment by the Cherokee County Sheriff. Plaintiff claims that he had a property right and liberty interest in his job and was deprived of this right and/or interest without substantive or procedural due process. Plaintiff also alleges that he was discharged in violation of the First Amendment.

## FACTS [1]

Plaintiff Zimmerman was hired as a Deputy Sheriff by Cherokee County Sheriff John Seay in 1989 as a jailer. Before Sheriff Seay was defeated, plaintiff Zimmerman served as Sheriff Seay's Chief Deputy.

Plaintiff Swain was hired as a Deputy Sheriff in 1990 and eventually was promoted to Sergeant by Sheriff Seay.

According to defendants, plaintiff Galloway was hired as a Deputy Sheriff in 1989 and eventually was promoted to Major by Sheriff Seay (plaintiffs claim that plaintiff Galloway was hired as a Major). He also worked in the areas of criminal investigations, narcotics, and internal affairs.

Plaintiff Hunter was hired as a Deputy Sheriff in 1989 and eventually served as a Special Investigator in narcotics.

Plaintiff Olinde was hired in 1989 as a jailer. Eventually, he was promoted to Deputy Sheriff, Sergeant, and Lieutenant.

---

1. The parties' respective statements of facts address plaintiffs Zimmerman, Swain, Galloway, Hunter, and Olinde (collectively, "plaintiffs")— the plaintiffs in this and the above-referenced related cases before this court. Thus, this court will include facts relating to all plaintiffs. Plaintiff Zimmerman will be referred to herein as "plaintiff" or "plaintiff Zimmerman."

Sheriff Seay was defeated in a 1992 primary election by Roger Garrison. Sheriff Seay's term of office ended December 31, 1992; Roger Garrison assumed that office on January 1, 1993. In letters dated December 1, 1992, Sheriff Garrison notified plaintiffs by mail that their employment with Cherokee County would terminate on January 1, 1993.

On January 1, 1993, the Operations Manual used by Sheriff Seay was in effect. The Operations Manual provided that all employees could be dismissed with or without cause. In addition, there existed a draft of the Cherokee County Civil Service Policies and Procedures ("Policies and Procedures"), which provided that employees may only be terminated for cause. The Policies and Procedures were distributed to department heads and other constitutional officers, including Sheriff Seay. Plaintiffs also state that they received the Policies and Procedures. The Policies and Procedures, however, were not adopted by the County's Board of Commissioners at this time. Plaintiffs allege, however, that the County and its employees had a mutual understanding that a civil service system was in effect—that is, plaintiffs could be terminated only for cause.

Sheriff Garrison terminated plaintiffs based on his understanding that plaintiffs were not covered by any civil service system, merit system, or personnel ordinance that entitled them to continued employment absent just cause and hearing. In addition, he was not personally aware of any protected speech or political activities of plaintiffs.

Sheriff Garrison believed that he had the right to choose his command staff, that plaintiffs Zimmerman and Galloway held command staff positions, and that loyalty to Sheriff Garrison was a legitimate qualification for the positions held by plaintiffs, especially plaintiffs Zimmerman and Galloway.

Sheriff Garrison chose to reassign the positions occupied by plaintiffs Olinde, Swain, and Hunter in order to reduce the rank structure within the Sheriff's Department. Plaintiff Olinde's position was filled by a Deputy Sheriff without rank; plaintiff Hunter's and plaintiff Swain's positions have not been refilled.

## DISCUSSION

### A. *Summary Judgment Standard*

Summary judgment is appropriate if the moving party establishes that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law. *Carlin Communication, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir.1986); *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983); Fed.R.Civ.P. 56(c). To determine if the moving party meets its burden of proof, the court must view all evidence and inferences to be drawn from it in a light most favorable to the party opposing the motion. *Carlin Communication*, 802 F.2d at 1356; *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir. 1983).

The Supreme Court has addressed the burdens of proof which each party must carry on a motion for summary judgment and stated that:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quotation omitted).

The nonmoving party is required to identify specific facts which demonstrate that there is a genuine issue for trial and may not rest on the allegations or denials in its pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, in order to survive a motion for summary judgment, the non-moving party need only present evidence from which a jury might return a verdict in his or her favor. If he or she does so, there

is a genuine issue of fact that requires a trial. *Id.* at 257, 106 S.Ct. at 2514.

### B. *Defendants' Motion for Summary Judgment*

#### 1. *Procedural Due Process Claim*

Defendants claim that they are entitled to summary judgment on plaintiff's procedural due process claim. This court agrees.

As a general matter, an employer who discharges an employee with a property interest in his job must afford that employee with due process—notice, and an opportunity to be heard before an impartial tribunal—before he implements the adverse employment action. *Hatcher v. Board of Public Educ. and Orphanage for Bibb County*, 809 F.2d 1546 (11th Cir.1987).

An independent source, such as state law, federal law, or contract, determines whether an employee has a property interest in his employment which qualifies for protection. *Whalen v. City of Atlanta*, 539 F.Supp. 1202, 1205 (N.D.Ga.1982) (Hall, J.). If plaintiff lacks a property interest in his employment, then he cannot prevail on his procedural due process claim. *Warren v. Crawford*, 927 F.2d 559, 564 (11th Cir.1991). Whether plaintiff had a property interest in his job must be determined under Georgia law. *Id.* at 562.[2]

Under Georgia law, in the absence of an employment contract or a statutory exception, employees are employed at will—terminable at will by either party. *Warren*, 927 F.2d at 562; O.C.G.A. § 34-7-1. This presumption of employment at will applies to public and private employees. *Warren*, 927 F.2d at 562.

In the instant case, the presumption of at-will employment has not been overcome. While a draft of the Policies and Procedures—providing for dismissal only for cause—existed and were distributed, the Policies and Procedures never were adopted by the County's Board of Commissioners. Since the County failed to adopt by ordinance or resolution the Policies and Procedures, or any other civil service or merit system, no civil service program existed. O.C.G.A. § 36-1-21 (setting forth mandatory provisions which must be complied with to create a civil service system); *Burbridge v. Hensley*, 194 Ga.App. 523, 391 S.E.2d 5 (1990); *Wofford v. Glynn Brunswick Memorial Hosp.*, 864 F.2d 117, 120 (11th Cir.1989). Thus, plaintiffs were employees at will and lacked a property interest in their employment.[3]

Moreover, in the absence of a civil service system enacted under O.C.G.A. § 36-1-21, the concept that the sheriff alone has the power to hire and fire deputies is "deeply embedded in our case law." *Wayne County v. Herrin*, 210 Ga.App. 747, 751, 437 S.E.2d 793 (1993). The tenure of employment of deputy sheriffs and deputy jailers "is dependent, not alone upon the will of the sheriff whose employee he is and who may discharge him when he chooses, but also upon the re-election of the sheriff." *Id.*[4]

Therefore, defendants are entitled to summary judgment on plaintiff's procedural due process claim.[5]

---

2. Plaintiff's brief also states that he had a liberty interest in his position. Since plaintiff has failed to introduce adequate evidence on this issue—and it appears that no such evidence exists—this court finds that plaintiff has abandoned his liberty interest claim.

3. In addition, "it is generally held that a mutual understanding cannot create a property interest contrary to state law." *Warren*, 927 F.2d at 564. Further, oral assurances or past practices do not establish a property right. *Id.* Thus, this court rejects plaintiffs' position that defendants' and plaintiffs' alleged mutual understanding about the Policies and Procedures creates a property interest.

4. This court is aware that only plaintiff Zimmerman was a deputy sheriff when terminated. However, the principals relating to deputy sheriffs and jailers is applicable to other employees working under the sheriff.

5. Even if plaintiff had demonstrated a property interest in his job, though, his procedural due process claim still would be barred under *McKinney v. Pate*, 20 F.3d 1550 (11th Cir.1994) (en banc), *cert. denied*, —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). Under *McKinney*, which applies retroactively, plaintiff was required to utilize "appropriate, available state procedures" before bringing a claim under 42 U.S.C. § 1983. It does not appear from the

## 2. Substantive Due Process Claim

Defendants claim that plaintiff's substantive due process claim is barred by *McKinney v. Pate*, 20 F.3d 1550 (11th Cir.1994) (en banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). In that case, the United States Court of Appeals for the Eleventh Circuit stated that an employee with a property right in employment "is protected only by the procedural component of the Due Process Clause, not its substantive component." *Id.* at 1560. Since employment rights are not " 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection." *Id.*

Plaintiff fails to address *McKinney* or provide any contrary authority. Thus, even if plaintiff had a property interest in his job, defendants are entitled to summary judgment on plaintiff's substantive due process claim.

## 3. First Amendment Retaliation Claim

■■■■ Defendants next contend that they are entitled to summary judgment on plaintiff's First Amendment claim. A county may not discharge a public employee in retaliation for speech protected by the First Amendment. *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir.1989). The Eleventh Circuit has developed a four-part test to determine whether an employee suffered such retaliation. First, the employee's speech must constitute speech on matter of "public concern." [6] *Morgan v. Ford*, 6 F.3d 750, 754 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2708, 129 L.Ed.2d 836 (1994). If so, the court weighs the employee's First Amendment interests against the government's interest, as an employer, in promoting the efficiency of the public services it performs. *Id.* This is known as the

*Pickering* balancing test—as described in *Pickering v. Bd. of Ed. of Township High School Dist. 205, Will County, Illinois*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). If the employee prevails on this balancing test, the factfinder must determine whether the employee's speech played a "substantial part" in the government's decision to demote or discharge that employee. *Morgan*, 6 F.3d at 754. Lastly, if the employee shows that the "substantial part" test has been satisfied, the government must prove, by a preponderance of the evidence, that it would have reached the same decision even in the absence of the protected conduct. *Id.*

While defendants do not know precisely what "speech" plaintiff claims to have engaged in, defendants state that, for the purposes of this motion, the court may assume that plaintiff's speech was a matter of public concern.

■■■■ Defendants argue that the second element of the four-part test—the *Pickering* balancing test—dictates that defendants should prevail on plaintiff's First Amendment claim.[7] This court agrees. "When close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate." *Connick v. Myers*, 461 U.S. 138, 151–52, 103 S.Ct. 1684, 1692, 75 L.Ed.2d 708 (1983). In addition, as stated above, sheriffs generally are given broad discretion to hire and fire their employees. *Wayne County v. Herrin*, 210 Ga.App. 747, 751, 437 S.E.2d 793 (1993). Moreover, an employee whose job requires extensive public contact on the employer's behalf does not possess significant First Amendment protection. *Bates v. Hunt*, 3 F.3d 374, 378 (11th Cir.1993).

record that plaintiff availed himself of such procedures. *Id.* at 1560, 1562–63, 1565.

**6.** The Supreme Court has noted that the inquiry into the protected status of speech is one of law, not fact. *Connick v. Myers*, 461 U.S. 138, 148 n. 7, 103 S.Ct. 1684, 1690 n. 7, 75 L.Ed.2d 708 (1983).

**7.** This court agrees with defendants that this balancing test is appropriate, even if plaintiffs were terminated in part based on their political

beliefs. Plaintiffs do not claim that this is a pure "patronage" case, in which an employee is fired solely because of the employee's political beliefs. Clearly, plaintiffs' expressive conduct was a significant, if not the only, reason for their termination. Thus, as plaintiffs acknowledge (they cite *Pickering* and its balancing test), the *Pickering* test is appropriate, even if this is deemed a "mixed motive" case. *Taylor v. Bartow County, Georgia*, 860 F.Supp. 1526, 1541 (N.D.Ga.1994).

In conducting the balancing test, the court should examine the context and circumstances of the employee's speech. *Dartland v. Metropolitan Dade County*, 866 F.2d 1321, 1323–24 (11th Cir.1989). In the instant case, plaintiffs have failed to describe the specific speech which they claim is protected. Plaintiffs state that they were "aligned" with former Sheriff Seay and made "public statements to the Cherokee County electorate in support of Sheriff Seay's campaign, or failed to support Defendant Garrison for sheriff . . ."

Given the importance of loyalty to a sheriff, the general nature of a sheriff's duties, plaintiffs' management and/or command staff jobs, and plaintiffs' failure to specify the allegedly protected speech and why it should be afforded protection, this court concludes that defendants' First Amendment interests in promoting the efficiency of the public services they perform outweigh plaintiff's First Amendment interests. Thus, defendants are entitled to summary judgment on this issue.[8]

## CONCLUSION

Therefore, after due consideration, this court GRANTS defendants' motion for summary judgment and DIRECTS the clerk of court to DISMISS this case.[9]

SO ORDERED.

---

**8.** In addition, the doctrine of qualified immunity likely would bar plaintiff's individual capacity claims against defendant Garrison, the only defendant who appears to assert qualified immunity. *See Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir.1983); *Lassiter v. Alabama A & M University, Board of Trustees*, 28 F.3d 1146, 1150 (11th Cir.1994); *Eubanks v. Gerwen*, 40 F.3d 1157, 1160 (11th Cir.1994); *Horlock v. Georgia Dept. of Human Resources*, 890 F.2d 388, 394 (11th Cir.1989).

**9.** As a courtesy to the clerk, this court notes that this Order terminates entry no. 35 on the docket sheet.