### A95A2773. TALLMAN v. HINTON et al.
#### (467 SE2d 596)

Pope, Presiding Judge.

This appeal arose out of a complaint filed by Kelly Tallman in which Tallman contended that she had been maliciously prosecuted for a dishonored check. The trial court determined that all the defendants to her lawsuit were entitled to civil immunity pursuant to OCGA § 16-9-20 (h) (1) because of their substantial compliance with the notice provisions of OCGA § 16-9-20 (a) (2) (B). For the reasons that follow, we reverse.

Tallman wrote a check for groceries on July 24, 1990, for $41.95 to Zack's Big Buy. Tallman's bank failed to honor her check because the signature on the check did not appear to match her signature card and the bank returned it to Zack's Big Buy with a notation "refer to maker." No evidence was presented to show that her checking account lacked sufficient funds.[1]

Zack's Big Buy sent Tallman a certified mail notice concerning the dishonored check and this notice was eventually returned undelivered.[2] After receiving no response from Tallman, on October 9, 1990, Robert Carmichael, the manager of Zack's Big Buy, procured a criminal warrant for Tallman's arrest based on the dishonored check. When Tallman discovered that a criminal warrant had been issued, she voluntarily reported to the jail, where she was arrested, photographed, fingerprinted and required to make bond. She testified that between July 24, 1990, the date of the dishonored check and the date of her arrest, she had written at least 18 checks from the same checking account to Zack's Big Buy including a check on the night before her arrest. All of Tallman's 18 checks written subsequent to July 24, 1990, were accepted and cashed by Zack's Big Buy.

After her arrest, Tallman testified that she informed Carmichael that her checking account had automatic overdraft protection, her account had had ample funds at all times and she was prepared to pay

---

[1] OCGA § 16-9-20 (a) (2) applies to situations where "[p]ayment was refused by the drawee for lack of funds." In this case, Tallman's checking account did not lack sufficient funds to cover the dishonored check.

[2] OCGA § 16-9-20 (a) does not require proof that the notice is received.

the deficiency immediately. Tallman presented evidence that Carmichael refused to accept her payment offer, and that he refused to dismiss the warrant, claiming the matter had to be resolved in court.

On November 2, 1990, a magistrate reviewed Tallman's bank statements from June to October 1990, which purportedly showed Tallman's account had never been overdrawn and had always contained sufficient funds. Tallman claimed the bank documents also indicated that she had overdraft protection. The magistrate accepted $56.95, the amount of the check plus $15, and dismissed the criminal case. Tallman then brought suit for false arrest, malicious prosecution, illegal detention, loss of reputation, and damages against Zack B. Hinton, Sr. d/b/a Zack's Big Buy, Zack's Mini Warehouses, Recycling Center, Robert Carmichael and Zack's Properties, Inc. ("Hinton"). Following the trial court's grant of Hinton's motion for summary judgment, Tallman brought this appeal.

1. Tallman contends the court erred in granting summary judgment to Hinton because Hinton's notice did not conform substantially to the notice required by OCGA § 16-9-20 (a) (2) (B).

Hinton counters that Tallman's argument places form over substance and that the notice substantially complied with the statute.

OCGA § 16-9-20 (a) (2) (B) requires that the notice describe the check number, date, check amount, name of bank drawn upon, name of the payee and the words "(has) . . . been dishonored." The statute further provides, "Pursuant to Georgia law, you have ten days from receipt of this notice to tender payment of the total amount of the instrument(s) plus the applicable service charge(s) of $_____, the total amount due being _____ dollars and _____ cents. Unless this amount is paid in full within the specified time above, a presumption in law arises that you delivered the instrument(s) with the intent to defraud and the dishonored instrument(s) and all other available information relating to this incident may be submitted to the magistrate for the issuance of a criminal warrant or citation or to the district attorney or solicitor for criminal prosecution." OCGA § 16-9-20 (a) (2) (B).

Hinton's notice letter consisted of the following: "Dear Kelly Tallman, Your check in the amount of $41.95 was returned to us by the bank because of *refer to maker*. Please make payment plus $20.00 'per check' service charge at Zack's Big Buy within ten (10) days from date of this letter or we will be forced to take appropriate legal action. Make all restitutions to attn: of Robert Carmichael. Sincerely, (signed) Robert Carmichael, Manager."

Hinton's notice obviously failed to provide the check number, check date, name of bank, name of the payee, and did not include the warning "has been dishonored." More importantly, Hinton's notice letter to Tallman plainly failed to provide notice regarding the ominous consequence of failing to make restitution within ten days: that

she might be subject to criminal prosecution. While the statutory language discloses that a failure to make restitution will create a presumption of intent to defraud, Hinton's notice is silent as to the legal effect of failing to act. While the statutory language places the check writer on notice that a criminal warrant and criminal prosecution may be forthcoming, Hinton's notice mentioned only "appropriate legal action," failing even to allude to possible criminal ramifications.

We reject Hinton's contention that the notice provisions requiring the check number, check date, and name of bank where the check was drawn, apply only to business entities and not to individuals. Hinton cites no authority for its argument that because Tallman was one individual and had only one checking account, Hinton was exempted from providing this specific information. Because a statute should be read according to its natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation, we reject Hinton's effort to limit the statutory notice provisions to business entities. *Burbridge v. Hensley*, 194 Ga. App. 523, 524 (391 SE2d 5) (1990).

Accordingly, we hold that Hinton's notice was defective as a matter of law. In order to have immunity, OCGA § 16-9-20 (h) (1) requires a holder of a worthless check to send notice "in substantially similar form to that provided in [OCGA § 16-9-20 (a) (2) (B)]" to the check writer. Because Hinton failed to comply or to substantially comply with the notice requirements of OCGA § 16-9-20 (a) (2) (B), the defendants were not entitled to civil immunity pursuant to OCGA § 16-9-20 (h) (1) and summary judgment must be reversed.

2. Tallman contends the court erred in granting summary judgment because Hinton continued to pursue criminal prosecution after being made aware that Tallman's account contained sufficient funds and that Tallman was ready, willing and able to make payment.

The sole basis of Hinton's motion for summary judgment was its claim of entitlement to civil immunity under OCGA § 16-9-20 (h) (1). Because the underlying case was not adjudicated on its merits, we decline to reach the malicious prosecution issue.

3. Tallman also claims that summary judgment was erroneously granted to all the named defendants. Having determined in Division 1 that the defendants were not entitled to civil immunity, summary judgment as to all the named defendants is reversed.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JANUARY 25, 1996.

*Paul S. Weiner*, for appellant.

*Swift, Currie, McGhee & Hiers, Susan A. Dewberry,* for appellees.