## A00A1863. SCHLOMER v. THE STATE.
### (543 SE2d 472)

BARNES, Judge.

Tony Eugene Schlomer, pursuant to the grant of an interlocutory appeal, appeals the denial of his motion for a directed verdict of acquittal in a bench trial and his motion to quash an accusation charging him with five counts of contributing to the delinquency of a minor. He contends he cannot be convicted of the crimes charged because the State neither alleged nor proved that the victims had committed delinquent acts, and the alleged victims all testified that they did not commit any of the delinquent acts alleged.

The accusation charged Schlomer, a public school bus driver, with committing the crime of contributing to the delinquency of a minor in that he did: (1) "encourage [J. L. P.], a minor under the age of 17 years, to be delinquent by explicitly instructing her on how to have sexual intercourse with three men simultaneously"; (2) "encourage [S. L. V.], a minor under the age of 17 years, to be delinquent by explicitly instructing her on how to have sexual intercourse with three men simultaneously"; (3) "encourage [J. L. P.], a minor under the age of 17 years, to be delinquent by telling her she could bring a liquor drink on the bus"; (4) "encouraging [S. L. V.], a minor under the age of 17 years, to be delinquent by talking to her about how long his penis is and how he would hurt her if they were to engage in sexual intercourse"; and (5) "encouraging [E. N. B.], a minor under the age of 17 years, to be delinquent by talking to her about how long his penis is and how he would hurt her if they were to engage in sexual intercourse."

Schlomer contends that the trial court should have granted his motion to acquit because none of these victims testified at the bench trial that they had acted upon Schlomer's conversations. He further argues that the trial court should have granted his motion to quash because the accusation failed to allege that the victims had committed delinquent acts.

1. Most jurisdictions in the United States do not require that the victim actually be delinquent or commit delinquent acts to convict an accused of contributing to the delinquency of a minor. See J. A. Bock, Annotation, Criminal Liability for Contributing to Delinquency of Minor as Affected by the Fact that Minor Has Not Become a Delin-

quent, 18 ALR3d 824 (2000). The Supreme Court of Georgia and this court, on the other hand, have required that the accusation allege and the evidence show that the child is delinquent. *Jones v. State,* 214 Ga. 163 (103 SE2d 559) (1958); *Dabney v. State,* 143 Ga. App. 655 (239 SE2d 698) (1977). *Dabney* held that "[t]o support a conviction for the criminal offense of contributing to the delinquency of a minor, the accusation must allege, and the evidence must show, that the person affected by the forbidden acts and conduct of others was a delinquent or neglected child."

These cases, however, may not be controlling on the issue because the statute on contributing to the delinquency of a minor has been substantially amended since these cases were decided. The statute formerly provided:

> When any parent, guardian, or person having the custody, control or supervision of any delinquent or neglected child, or any other person has knowingly and wilfully encouraged, aided, caused, abetted or connived at such state of delinquency or neglect, or has wilfully done any act or acts which he knew or should have known would produce, promote or contribute to, or tend to produce, promote or contribute to the conditions which render such a child delinquent or neglected, such parent, guardian or other person shall be guilty of a misdemeanor and may be punished as for a misdemeanor.

Ga. L. 1953, Nov. Sess., p. 321.

The statute now provides:

> A person commits the offense of contributing to the delinquency . . . of a minor when such person [k]nowingly and willfully encourages, causes, abets, connives, or aids a minor in committing a delinquent act as such is defined in Code Section 15-11-2, relating to juvenile proceedings.

(Punctuation omitted.) OCGA § 16-12-1 (b) (1). The statute now also provides that "[i]t shall not be a defense to the offense provided for in this Code section that the minor has not been formally adjudged to have committed a delinquent act or has not been found to be unruly or deprived." OCGA § 16-12-1 (c).

To avoid the impact of this amendment, Schlomer argues that although the state was not required to show that the minor was formally adjudicated delinquent, it was required to allege and prove that the victims had committed delinquent acts. The statutory language itself specifies that a person who "encourages, causes, abets, connives, or aids a minor *in committing a delinquent act*" commits

the offense. (Emphasis supplied.) Thus, to resolve this issue we must construe OCGA § 16-12-1 (b) (1).

In doing so we must construe the statute in accordance with the legislature's real intent and meaning and not so strictly as to defeat the legislative purpose. *Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816-817 (403 SE2d 97) (1991). Further, we must read the statute according to the natural and most obvious import of its language, without resorting to subtle and forced constructions to limit or extend its operation. *Burbridge v. Hensley*, 194 Ga. App. 523, 524 (1) (391 SE2d 5) (1990). Most significantly, "a court must first look to the literal meaning of the act. [Cit.] If the language is plain and does not lead to any absurd or impractical consequences, the court simply construes it according to its terms and conducts no further inquiry." *Diefenderfer v. Pierce*, 260 Ga. 426-427 (396 SE2d 227) (1990).

In this instance, OCGA § 16-12-1 (b) (1) requires that the accused "encourages, causes, abets, connives, or aids a minor in committing a delinquent act. . . ." Under these circumstances, we agree with Schlomer that under the testimony in this case he cannot be convicted under OCGA § 16-12-1 (b) (1) because all of the minors testified that they did not commit a delinquent act. *Jones v. State*, supra, 214 Ga. at 164; *Dabney v. State*, supra, 143 Ga. App. 655. This position is buttressed by the fact that the General Assembly was aware of the decisions that required that the juvenile commit a delinquent act when they added OCGA § 16-12-1 (c) to the statute, but did not amend the statute to alter those holdings.

> All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect [are] to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts. [Cits.]

(Punctuation omitted.) *Peachtree-Cain Co. v. McBee*, 254 Ga. 91, 93 (1) (327 SE2d 188) (1985).

Accordingly, the trial court's denial of Schlomer's motion is reversed and the case is remanded with direction to enter a finding of a directed verdict of acquittal.

2. In view of our disposition above, we need not consider Schlomer's other enumeration of error.

*Judgment reversed with direction. Blackburn, P. J., concurs. Eldridge, J., concurs fully and specially.*

ELDRIDGE, Judge, concurring specially.

I concur fully with the majority. Georgia's statute defining the offense of "contributing to the delinquency of a minor," OCGA § 16-12-1 (b) (1), clearly calls for a defendant to encourage or aid the child in the actual commission of a delinquent act, although under OCGA § 16-12-1 (c), such child need not be formally adjudicated therefor.

I write separately, however, to encourage our legislature to reconsider this approach. As noted by the majority most jurisdictions do not require the child to actually commit the delinquent act before the defendant can be found guilty of encouraging and/or abetting its commission. This would seem logical. Society as a whole is best served when an adult who encourages illegal behavior in a child is stopped before the child can act on such encouragement. Law enforcement should not be forced to sit by idly waiting for a child to commit a criminal act in order to hold accountable the adult who promoted it. In short, an adult's otherwise criminal behavior should not be contingent upon taking the child down with him or her.

DECIDED DECEMBER 11, 2000.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*L. Jack Kirby, Solicitor*, for appellee.