## A05A0987. SPIVEY v. THE STATE.
### (619 SE2d 346)

BARNES, Judge.

Terry Eugene Spivey was convicted of criminal attempt to commit child molestation, criminal attempt to entice a child for indecent purposes, and computer pornography and child exploitation. At sentencing, the trial court ordered him to register as a sex offender. Spivey appeals, contending that the trial court erred by requiring him to register as a sex offender. We disagree, and affirm.

Although our decision is based on the language of the statute, the following facts are pertinent. Spivey was arrested as part of a police Internet "sting" operation, in which an adult male police officer posed as a 14-year-old girl looking for pen pals on the Internet. Spivey responded to the posting, and the two began corresponding and chatting online. Spivey sent explicit sexual messages to the fictitious minor, and eventually arranged a meeting at a skating rink frequented primarily by children. After confirming that Spivey sent the messages, the police arrested him at the skating rink when he arrived for the meeting. A subsequent search of Spivey's computer yielded records of conversations between Spivey and the fictitious minor, and sexually explicit pictures of minors. At sentencing, the trial court ordered Spivey to register as a sex offender pursuant to OCGA § 42-1-12 (a) (4) (B).

In his only enumeration of error, Spivey contends the trial court erred in requiring him to register as a sex offender. The sexual offender registry statute requires persons "convicted of a criminal offense against a victim who is a minor or . . . convicted of a sexually violent offense" to register as a sex offender. OCGA § 42-1-12 (b) (1) (A) (i). Spivey argues that his convictions do not fit into either category. We disagree.

1. We begin by noting that the interpretation of a statute is a question of law, which is reviewed de novo on appeal. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). Because the trial court's ruling on a legal question is not due any deference, we apply the "plain legal error" standard of review. Id. We also note that OCGA § 42-1-12 is a criminal statute. OCGA § 42-1-12 (h) (failure to comply with registration statute is a felony). Thus, we apply the rule that if the criminal statute is open to more than one reasonable interpretation, it must be construed strictly against criminal liability,

and in favor of the individual facing criminal liability. *Fleet Finance v. Jones*, 263 Ga. 228, 231 (3) (430 SE2d 352) (1993).

We interpret a statute to give effect to the legislative intent; "[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). To determine the legislative intent of a statute, we begin with the literal text; where the literal text of a statute is plain and does not lead to absurd or impracticable consequences, we apply the statute as written without further inquiry. *Diefenderfer v. Pierce*, 260 Ga. 426, 426-427 (396 SE2d 227) (1990). The language of a statute is given its most natural and obvious import, without resorting to forced or subtle interpretations to either expand or limit the statute's operation. *Schlomer v. State*, 247 Ga. App. 257, 259 (1) (543 SE2d 472) (2000). We interpret a statute to give effect to the real legislative intent and meaning, however, and not so strictly as to defeat the legislative purpose. Id. With these rules of statutory interpretation in mind, we turn to the sexual offender registry statute.

The sexual offender registry statute is designed to require registration for a wide array of offenses. Registration is required for those convicted of sexually violent crimes, and for those convicted of committing a variety of offenses against children. See OCGA § 42-1-12 (a) (4) (B). Registration is required not only for those convicted of sexual offenses against a child, but also for those convicted of child pornography charges, or those convicted of charges based on *conduct* underlying a criminal conviction that constitutes a sexual offense against a child.[1] See OCGA § 42-1-12 (a) (4) (B).

Spivey argues first that his convictions are not sexually violent offenses, and second that his convictions were not criminal offenses against a victim who is a minor within the meaning of OCGA § 42-1-12 (a) (4) (B). We agree as to the first argument and disagree as to the second.

(a) We agree that his convictions are not "sexually violent offense[s]" as defined in OCGA § 42-1-12 (a) (7), which includes violations related to rape, aggravated sodomy, aggravated child molestation, and other offenses with an element of physical contact. None of

---

[1] The legislature's intent to create a registry with broad applicability is apparent in the amendments to OCGA § 42-1-12 (a) (4). Perhaps in response to our decision in *Sequeira v. State*, 243 Ga. App. 718 (534 SE2d 166) (2000), the sexual offender registry statute's current definition of a criminal offense against a victim who is a minor was added in 2001. See OCGA § 42-1-12 (a) (4) (B). The previous definition required a conviction for a sexual offense; the current definition includes convictions that are based on either sexual offenses, convictions with underlying sexual conduct against children, and certain nonsexual offenses (e.g., kidnapping).

Spivey's convictions has the requisite element of physical contact to be categorized as sexually violent offenses under OCGA § 42-1-12 (a) (7).

(b) We do not agree, however, with Spivey's second argument that he was not convicted of a criminal offense against a victim who is a minor within the meaning of OCGA § 42-1-12 (a) (4) (B). The sexual offender registry statute defines a "criminal offense against a victim who is a minor" in OCGA § 42-1-12 (a) (4) (B) as

> any criminal offense . . . which consists of:
> (i) Kidnapping of a minor, except by a parent;
> (ii) False imprisonment of a minor, except by a parent;
> (iii) Criminal sexual conduct toward a minor;
> (iv) Solicitation of a minor to engage in sexual conduct;
> (v) Use of a minor in a sexual performance;
> (vi) Solicitation of a minor to practice prostitution;
> (vii) Use of a minor to engage in any sexually explicit conduct to produce any visual medium depicting such conduct;
> (viii) Creating, publishing, selling, distributing, or possessing any material depicting a minor or a portion of a minor's body engaged in sexually explicit conduct;
> (ix) Transmitting, making, selling, buying, or disseminating by means of a computer any descriptive or identifying information regarding a child for the purpose of offering or soliciting sexual conduct of or with a child or the visual depicting of such conduct;
> (x) Conspiracy to transport, ship, receive, or distribute visual depictions of minors engaged in sexually explicit conduct; or
> (xi) Any conduct which, by its nature, is a sexual offense against a minor.

All three of Spivey's convictions fall within this definition.

2. Spivey's argument that his attempt convictions are not criminal offenses against a victim who is a minor has two possible interpretations. The broader argument is that the statute does not apply to attempt convictions. This interpretation of the statute requires a completed offense against a victim who is a minor. The narrower argument is that the statute does not apply to criminal attempt convictions where no actual minor was involved in the attempt. Both arguments fail.

(a) First, the broad argument that the statute does not apply to attempt convictions is contrary to the statute's language and legislative intent. The plain language of the statute includes "criminal offense[s]"; a criminal attempt is a criminal offense. OCGA § 16-4-1.

Nowhere in the statute is there a limitation to *completed* offenses against victims who are minors. The sexual offender registry statute includes *any* convictions for criminal offenses against a victim who is a minor. OCGA § 42-1-12 (a) (4) (B).

Spivey's attempt convictions also fall within the definition of a "criminal offense against a victim who is a minor." OCGA § 42-1-12 (a) (4) (B). Child molestation[2] and enticing a child for indecent purposes[3] are included in the sexual offender registry definition of "offense[s] against a victim who is a minor." OCGA § 42-1-12 (a) (4) (B). They are criminal offenses under Title 16 of the Official Code of Georgia Annotated which consist of "criminal sexual conduct toward a minor[,] solicitation of a minor to engage in sexual conduct [or] . . . conduct which, by its nature, is a sexual offense against a minor." OCGA § 42-1-12 (a) (4) (B) (iii), (iv), (xi).

(b) The narrower argument that the statute does not apply to attempt convictions in which no actual minor was a victim also is not persuasive. Interpreting the statute to require an actual victim who is a minor creates an unreasonable exception from liability, which is not supported by the language or intent of the statute. First, the statute's broad language explicitly includes *any* criminal offense, which consists of criminal sexual conduct toward a minor, solicitation of a minor, or *any* conduct which is a sexual offense against a minor. OCGA § 42-1-12 (a) (4) (B). Second, imposing such a limitation would be contrary to the legislative intent of the statute, which is to protect the community by notifying it of individuals who may pose a threat. Individuals convicted of a criminal attempt are not necessarily less of a threat because they were prevented from completing their intended crimes.

There is no reasonable way to interpret the sexual offender registry statute to exclude attempts where no actual child victim was involved. A completed offense for child molestation or enticing a child for indecent purposes would require an actual victim who is a minor because a child victim is an element of these completed offenses. However, an actual child victim is not a required element in a criminal attempt to commit these crimes.

Criminal attempt liability[4] is created where the perpetrator intends to commit the crime, and then takes a "substantial step" toward committing the crime. *Adams v. State*, 178 Ga. App. 261, 263 (2) (b) (342 SE2d 747) (1986). The intent and the substantial steps

---

[2] OCGA § 16-6-4 (a).

[3] OCGA § 16-6-5 (a).

[4] OCGA § 16-4-1 ("A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of the crime.").

establish a criminal attempt even if it is impossible to complete the intended crime.[5] See OCGA § 16-4-4 ("It is no defense to a charge of criminal attempt that the crime the accused is charged with attempting was, under the attendant circumstances, factually or legally impossible of commission if such crime could have been committed had the attendant circumstances been as the accused believed them to be.").

Further, we have held previously that a criminal attempt to commit child molestation does not require an actual child victim. *Dennard v. State*, 243 Ga. App. 868, 871-872 (1) (a) (534 SE2d 182) (2000). In *Dennard*, attempted molestation was established where the perpetrator took a substantial step toward commission of the crime by targeting a child over the Internet, engaging in sexually explicit Internet conversations with the intended child victim, and arranging and arriving at a meeting with the intended child victim.[6]

The facts of *Dennard* are almost identical to this case: an Internet "sting" operation in which the perpetrator believed he was corresponding with a child, attempted to meet the child for sexual purposes, and was arrested at the meeting place. *Dennard*, supra, 243 Ga. App. at 869. This evidence was sufficient to establish that Spivey intended to commit the criminal offenses of child molestation and enticing a child for indecent purposes, both of which are criminal offenses against a victim who is a minor. The impossibility of completing the offense of child molestation because the targeted victim is not a minor cannot defeat a criminal attempt charge. Spivey took substantial steps toward committing both offenses. Neither his intent nor his acts are negated because he made a factual mistake about his victim.

Interpreting the statute to require an actual child victim in a criminal attempt is not supported by either the plain language of OCGA § 42-1-12 (a) (4) (B) or the underlying legislative intent. First, the statute is not limited to attempt offenses involving actual victims who are minors. The statute cannot be interpreted reasonably to

---

[5] See, e.g., *Gordon v. State*, 252 Ga. App. 133, 134 (555 SE2d 793) (2001) (intent to rape charge not negated because attacker mistakenly attacked a male).

[6] Id. Every other court to consider attempt convictions arising from Internet "sting" operations has reached the same conclusion. See, e.g., *United States v. Meek*, 366 F3d 705, 718 (9th Cir. 2004) (contrary to intent of federal statute to distinguish between defendants who attempt to induce actual minors from those who mistake an adult for a minor); *United States v. Root*, 296 F3d 1222, 1229 (III) (B) (11th Cir. 2002) (actual minor not required for attempt conviction under federal statute); *United States v. Farner*, 251 F3d 510, 512 (II) (5th Cir. 2001) (same); *Kirwan v. State*, 96 SW3d 724 (Ark. 2003) (no actual minor required for attempt conviction under state statutory rape law); *Commonwealth v. Jacob*, 867 A2d 614 (Pa. Super. Ct. 2005) (no actual minor required for attempt conviction under state involuntary child intercourse statute).

distinguish those attempts that are not completed due to impossibility (as in this case), and those attempts that fail for any other reason (e.g., the intended child victim escapes). Second, creating an exception for a subset of attempt convictions is contrary to the legislative intent behind the statute. It would be unreasonable to construe the statute so that those who target children on the Internet, but talk to law enforcement officers instead, escape criminal liability for their actions.[7]

Spivey's argument that the sexual offender registry statute does not apply to him because no actual minor was involved in his convictions essentially asks this court to create an impossibility exception for attempt convictions. Our criminal attempt statute has no such exception,[8] and the sexual offender registry statute cannot reasonably be interpreted to create an impossibility exception. We interpret statutes to give full effect to their legislative intent, not to limit their operation. See *Schlomer v. State*, supra, 247 Ga. App. at 259. The sexual offender registry statute does not distinguish between completed and attempted offenses, or between different categories of attempt offenses. Spivey's attempt convictions are offenses that fall within the sexual offender registry statute's definition of "criminal offenses against a victim who is a minor," and the trial court did not err in ordering Spivey to register as a sex offender. See OCGA § 42-1-12 (b) (1) (A) (i).

3. Spivey's remaining conviction under the Computer Pornography and Child Exploitation Prevention Act[9] is also a conviction that requires him to register as a sex offender. The act establishes two criminal offenses relevant to this case. First, the act creates felony liability for those who use an online Internet service in the commission of unlawful sexual offenses against children. OCGA § 16-12-100.2 (d). This felony is separate from and does not supersede criminal liability for the underlying offense.[10] The act also creates the offense of "obscene Internet contact with a child," which is the unlawful use of an online service to engage in sexually explicit communication with a child. OCGA § 16-12-100.2 (e) (1).

Spivey was convicted of computer pornography and child exploitation under OCGA § 16-12-100.2 (d) for using an online service in an

---

[7] Another state appellate court has reached the same conclusion in interpreting its state's sex offender registration statute. *State v. Meyers*, 649 NW2d 123, 132 (Mich. Ct. App. 2002) (no impossibility exception in state sex offender registration statute).

[8] See OCGA § 16-4-1.

[9] OCGA § 16-12-100.2.

[10] *Dennard v. State*, supra, 243 Ga. App. at 876 (1) (e) (stating that the Computer Pornography and Child Exploitation Prevention Act created "a new type of crime – i.e., use of a computer for certain sexual purposes – regardless of whether such conduct was proscribed under any other statute").

attempt to commit child molestation. The Computer Pornography and Child Exploitation Prevention Act makes it unlawful for

> any person intentionally or willfully to utilize a computer on-line service or Internet service . . . to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child or another person believed by such person to be a child to commit any illegal act described in Code Section 16-6-2 [sodomy or aggravated sodomy]; Code Section 16-6-4 [child molestation or aggravated child molestation]; Code Section 16-6-5 [enticing a child for indecent purposes]; or Code Section 16-6-8 [public indecency] or to engage in any conduct that by its nature is an unlawful sexual offense against a child.

OCGA § 16-12-100.2 (d) (1).

This offense is within the OCGA § 42-1-12 (a) (4) (B) definition of a "criminal offense against a victim who is a minor." First, the statute requires the commission of or attempt to commit any one of the following offenses: sodomy, aggravated sodomy, enticing a child for indecent purposes, child molestation, aggravated child molestation, public indecency, or any conduct that is an unlawful sexual offense against a child. Each of these offenses is within the OCGA § 42-1-12 (a) (4) (B) definition as consisting of criminal sexual conduct toward a minor, solicitation of a minor to engage in sexual conduct, or conduct which is a sexual offense against a minor. This statute explicitly requires that the perpetrator commit or attempt to commit a criminal offense against a victim who is a minor. OCGA § 16-12-100.2 (d) (1). The statute also explicitly provides for liability even where there is no child if the required mens rea exists. This eliminates impossibility as a defense to this criminal offense. Id. Therefore we find that a conviction under OCGA § 16-12-100.2 (d) (1) is a "criminal offense against a victim who is a minor" as defined within OCGA § 42-1-12 (a) (4) (B).

The Computer Pornography and Child Exploitation Prevention Act also establishes the criminal offense of "obscene Internet contact with a child" in OCGA § 16-12-100.2 (e) (1):

> A person commits the offense of obscene Internet contact with a child if he or she has contact with someone he or she knows to be a child or with someone he or she believes to be a child via a computer on-line service or Internet service . . . and the contact involves any matter containing explicit verbal descriptions or narrative accounts of sexually explicit nudity, sexual conduct, sexual excitement, or sadomasochis-

tic abuse that is intended to arouse or satisfy the sexual desire of either the child or the person. . . .

A conviction for obscene Internet contact with a child under OCGA § 16-12-100.2 (e) is a "criminal offense against a victim who is a minor" as defined within OCGA § 42-1-12 (a) (4) (B) as "criminal sexual conduct toward a minor." OCGA § 42-1-12 (a) (4) (B) (iii). Obscene Internet contact with a child is a criminal offense that requires intent to contact a child, but explicitly rejects any requirement for an actual child to be involved, and is based on sexual conduct. See OCGA § 16-12-100.2 (e) (1).

A conviction under either OCGA § 16-12-100.2 (d) (1) or (e) (1) requires registration under the sexual offender registry statute. The plain language of OCGA § 16-12-100.2 clearly states that an actual child is not a required element for conviction under the statute. Interpreting the sexual offender registry statute to create an impossibility exception for convictions under OCGA § 16-12-100.2 would be contrary to the plain language of the statute.

In applying the rule that criminal statutes be strictly construed against criminal liability,[11] we hold that the sexual offender registry statute, OCGA § 42-1-12 (a) (4) (B), cannot be reasonably interpreted to require attempt offenses to be against an actual victim who is a minor. The sexual offender registry statute's plain language clearly reflects the legislative intent to make the statute broadly applicable; it includes offenses that are either objectively or subjectively against minors, and either completed or attempted. Therefore, the statute cannot be construed in a forced manner to limit criminal liability for attempts or completed offenses which do not involve an actual minor. In so holding, we find no error in the trial court's order that Spivey must register as a sex offender.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JULY 29, 2005 — 

*Richard A. Waller, Jr.*, for appellant.
*Kelly R. Burke, District Attorney, Katherine K. Lumsden,* Assistant District Attorney, for appellee.

---

[11] See *Fleet Finance v. Jones*, supra, 263 Ga. 228.