## BENTLEY *v.* STATE BOARD OF MEDICAL EXAMINERS OF GEORGIA *et al.*

1. An administrative body, created by an act of the legislature, has only such powers as are expressly or by necessary implication conferred upon it.
2. The State Board of Medical Examiners is without power to file an equitable petition to enjoin one from illegally engaging in the practice of medicine in this State, to cancel the diploma under which he claims to practice medicine, on the ground that it was fraudulently obtained or is a forgery, and to have the license under which he claims the right to practice medicine declared null and void and expunged from the records of the court in which the same is recorded.

No. 2611. FEBRUARY 23, 1922.

Equitable petition. Before Judge Tarver. Murray superior court. April 16, 1921.

The State Board of Medical Examiners of Georgia, composed of named members, brought complaint against Franklin C. Bentley, and made this case: The State Board of Medical Examiners was created under acts of the General Assembly of Georgia, approved August 18, 1913, and August 20, 1918. One of the duties of this board is to "protect the people from illegal and unqualified practitioners of medicine and surgery." Bentley is engaged in the practice of medicine and surgery in Murray county, contrary to law, and without having complied with the provisions of law authorizing such practice. He has never been authorized to practice medicine in said county by a diploma from an incorporated medical college, school, or university. He has never been licensed by any medical board to practice. He is not a graduate of any school. He has never taken three full courses of study of six months each at any of such schools of medicine. He has never stood any medical examination before any medical board of this State, nor obtained a license therefrom to practice medicine. In September, 1912, he entered the North Carolina Medical College as a freshman, and attended that college during the collegiate year. He failed to pass at the end of his freshman year, and was refused admission to the sophomore class. Plaintiffs allege on in-

formation and belief that he has never attended any other medical college for any full term of six months. In 1912, in Baltimore, Maryland, the Eclectic School of Medicine of Milton University was organized. Later it took the title of Eastern University School of Medicine, and, in 1914, that of Maryland College of Eclectic Medicine and Surgery. In 1915 this corporation was dissolved. In 1917 the dean of this institution was convicted and sentenced for having sold a number of diplomas from the Maryland College of Medicine and Surgery, the Eastern University School of Medicine, the Eastern University Dental School, and the Southern College of Medicine and Surgery of Atlanta. The defendant claims to have a diploma from one of the above colleges. If he has, " it is a fraud and a forgery." If he has such diploma, he obtained it without having attended the college for three full terms of six months each, or for a full term of six months. If he has a diploma from any incorporated medical college, he got it without having attended the same for three full terms of six months each. He claims to have secured a license from the Board of Medical Examiners of this State, on May 3, 1913. If he has such license, " it is a fraud and a forgery." If he has such license, he got it without having stood an examination before said board. Said license was recorded in the clerk's office of the superior court of Catoosa county, and on February 22, 1915, was recorded in the clerk's office of the superior court of Murray county. On account of the facts hereinbefore stated, the defendant is an illegal and unqualified practitioner of medicine and surgery in Murray county of this State. The plaintiffs pray for an injunction restraining him from practicing medicine and surgery in said county; that his alleged certificate or license be declared null and void and expunged from said records; and that any diplomas he may have be canceled.

The defendant demurred to this complaint, on the grounds, that there was no equity therein; that the State Board of Medical Examiners of Georgia, as such, has no right to prosecute this complaint; that the complaint charges him with criminal offenses, of which a court of equity will not take cognizance, neither aiding nor restraining criminal courts in the exercise of their jurisdiction; and that complainants have an adequate and complete remedy at law. The court sustained so much of the demurrer to the complaint

as prayed for injunctive relief, and overruled the same as to the remainder of the petition. The defendant assigns error on this judgment. He answered, denying the substantial allegations of the petition; and pleaded in bar his acquittal under an indictment in Murray superior court, charging him with practicing medicine and surgery without a license. The court struck this portion of the answer; and the defendant complains of this ruling.

*H. H. Anderson, C. N. King,* and *Maddox, McCamy & Shumate,* for plaintiff in error. *Morris & Hawkins,* contra.

HINES, J. (After stating the foregoing facts.)

1. The petition in this case was filed to enjoin the defendant from illegally practicing medicine in this State; for cancellation of his medical diploma, on the ground that the same was fraudulently obtained or is a forgery; and to have expunged from the records of Murray superior court, where the same was recorded, the license under which he claims the right to practice medicine. Has this board, as such, the power to file this suit for these purposes? This board is an administrative body and has only such powers as the legislature has expressly, or by necessary implication, conferred upon it. This is the rule which is well established as to other administrative bodies, such as the Railroad Commission of Georgia (*Zuber* v. *Southern Ry. Co.,* 9 *Ga. App.* 539, 71 S. E. 937); and this rule applies on principle and reason to the board of medical examiners. Such a body has such implied powers only as are reasonably necessary to execute the express powers conferred. *Railroad Commission* v. *Macon Railway &c. Co.,* 151 *Ga.* 256, 258 (106 S. E. 282).

2. The act of the legislature creating this board (Ga. Laws 1913, p. 101), as amended by the act of August 20, 1918 (Ga. Laws 1918, p. 173), does not expressly confer this power upon this board. Such power is not reasonably necessary to execute the express powers conferred upon this board by these acts, and for this reason can not be implied. It is insisted by learned counsel for the plaintiff that this language, " to protect the people from illegal and unqualified practitioners of medicine and surgery," found in the caption of these acts, is an express grant of authority to file this suit. The above language appears only in the caption of the above-recited acts. The preamble or title of an act is no

part thereof. It is true that the preamble or caption of an act may always be considered as one of the aids to its construction, when the body is ambiguous, but it can not control the plain meaning of the body of the act. *Eastman* v. *McAlpin*, 1 *Ga.* 157; *Johnson* v. *Reese*, 31 *Ga.* 601, 605; *Etowah Milling Co.* v. *Crenshaw*, 116 *Ga.* 406 (42 S. E. 709); United States *v.* Palmer, 3 Wheat. 631 (4 L. ed. 477). This implication of authority is negatived by the terms of this act. It is declared in section two of both of these acts that "said board shall perform such duties and possess and exercise such powers, relative to the protection of the public health and the control and regulation of the practice of medicine in the State, as shall be in this act prescribed and conferred upon it." Here it is declared in the act creating this board that it shall possess and exercise only the powers prescribed and conferred upon it therein.

If the above language found in the caption of this act were contained in its body, the proper construction thereof would not confer the power claimed by the plaintiff in this case. The methods of protecting the people in this State from illegal and unqualified practitioners of medicine and surgery are fully outlined and defined in these acts. They provide for examination of all applicants for license to practice medicine in this State. Applications for such licenses must be accompanied with proof that the applicant is a graduate of a legally incorporated medical college or institution in good standing with the board; and it is made unlawful for any person without license to practice in this State. Before any person who has obtained a certificate from said board can lawfully practice in this State, he shall cause the certificate to be recorded in the office of the clerk of the superior court of the county in which he resides. The board is empowered to pass upon the good standing of any medical college. Only such medical colleges can be considered in good standing as possess a full and complete faculty for the teaching of medicine, surgery, and obstetrics in all their branches, as afford their students adequate clinical and hospital facilities, as require attendance upon at last eighty per cent. of each course of instruction, as give four graded courses of instruction of 120 weeks, as require at least forty-two months to have elapsed between the beginning of the student's first course of medical lectures and the date of his graduation, as require an

average grade in each course of instruction of at least seventy-five per cent., as fulfill all their public promises, requirements, and other claims respecting advantages afforded their students, as enact a preliminary educational requirement equal to that prescribed by the above act, as require students to furnish testimonials of good moral character, and as give advance standing only on cards from accredited medical colleges. The board shall issue licenses to practice medicine to all persons who shall furnish satisfactory evidence of attainments and qualifications under the provisions of the above acts, and under its promulgated rules and regulations.

Section 14 of the act of August 20, 1918, above referred to, authorized this board to cause a licentiate's name to be removed from the records in the office of any clerk of court in this State, when fraud or deception was used in applying for license, or in passing the examination provided for in said act; and for the other reasons mentioned in this section. Thus this section gives the board express authority to have a licentiate's name removed from the records in the office of any clerk of court in this State. As this statute confers a specific remedy for expunging the name of a physician from the records in the office of any clerk of court in this State, the power to proceed in equity for the same purpose will not be implied.

The fact that this section has been declared by this court unconstitutional (*State Board of Medical Examiners* v. *Lewis,* 149 *Ga.* 716, 102 S. E. 24) does not affect the conclusion arrived at. This section manifests the legislative intention to give to the board a specific remedy in such case, and thus to exclude any other remedy. The method of procedure provided by this section is exclusive.

It is made a crime for any person to practice medicine in this State without possessing in full force and virtue a valid license to practice under the laws of this State; and such person so practicing is declared to be guilty of a misdemeanor, and upon conviction of such offense he shall be punished for a misdemeanor, in accordance with section 1065 of the Penal Code of this State. Thus the statutes creating this board fully prescribed the means and methods of protecting the people of this State against illegal and unqualified practitioners of medicine and surgery; and when

such means and methods are prescribed for such protection, they must be followed by this board. The board can not resort to any other methods of protecting the people of this State. Certainly no other power of protection will be inferred from the acts creating this board.

This court has held that a court of equity, at the instance of the State, can not enjoin a person from illegally practicing medicine in this State. *Dean* v. *State,* 151 *Ga.* 371 (106 S. E. 792). If the State itself can not in equity protect the people of the State by enjoining one from illegally practicing medicine, then of course this board can not maintain a petition for such injunction; and this was recognized by the court below in striking so much of the prayers of the petition as sought injunctive relief. On principle and reason, the principle ruled in *Dean* v. *State* controls the case at bar. Injunction would afford swift, full, and complete protection to the people of the State against illegal and unlawful practitioners of medicine. If equity can not grant such relief, it can not grant the other relief of cancellation of the defendant's diploma and the expurgation of the record of his license, which would have the effect, indirectly, of the grant of an injunction.

So we think that this board is without power, express or implied, to file the petition in this case.

Furthermore, this board does not make a case of cancellation. Cancellation is an ancient head of equity jurisdiction, founded on the administration of a protective or preventive justice; and its exercise is had for the purpose of preventing or restraining the exercise of an injurious power which one man, under the common law, may hold over another. It operates to establish or protect individual rights; and is exercised in order to remove the obstacle which stands in the way of the enjoyment of one's right, interest or estate. 9 C. J. 1159.

It is unnecessary in this case to determine what is the proper method of expunging from the records of a court the record of an instrument which is forged. The power of courts over their own records, and their power of correcting or canceling the same on their own motions, or at the suggestion of others, are not involved in this case. This suit is at the instance of this board, as such, and is not a proceeding by the court in reference to the correction

or cancellation of the record of the license of the defendant to practice medicine.

So we are of the opinion that the court erred in not sustaining the general demurrer to the petition in this case. This makes it unnecessary to deal with any other error of which the defendant complains.

*Judgment reversed. All the Justices concur, except Atkinson J., disqualified.*