A94A2105. BRYANT v. EMPLOYEES RETIREMENT SYSTEM OF GEORGIA.
(455 SE2d 839)

POPE, Presiding Judge.

In a divorce decree issued in 1992, plaintiff Harriet Bryant was awarded one-third of her ex-husband's monthly retirement benefits. The ex-husband's retirement benefits were administered by defendant Employees Retirement System of Georgia ("ERS"), and the divorce decree purportedly ordered ERS, a non-party to the divorce proceeding, to pay plaintiff one-third of each monthly payment her ex-husband was entitled to receive. Plaintiff brought an action to enforce this provision of the divorce decree against ERS as well as her

ex-husband, but the trial court granted ERS' motion to dismiss. We agree with the trial court that the court issuing the divorce decree could not properly order ERS to pay benefits to plaintiff directly, and therefore affirm.

There is no question that the ex-husband's retirement benefits are marital property subject to equitable division. See *Courtney v. Courtney*, 256 Ga. 97 (2) (344 SE2d 421) (1986). The issue here is whether ERS may be ordered to transfer ownership of a portion of the benefits and pay them directly to plaintiff, or whether plaintiff must collect her share of the benefits from her ex-husband after he receives them.

1. Under OCGA § 47-2-332, a State employee's retirement benefits are exempt from attachment or other legal process and are not assignable. The court issuing the divorce decree nonetheless ordered the assignment of a portion of the ex-husband's benefits, relying on the Retirement Equity Act of 1984, 29 USCA § 1056 (d). This portion of the federal statute provides that while benefits under a pension plan may not be assigned or alienated as a general matter, they may be assigned or otherwise transferred to an alternate payee pursuant to a "qualified domestic relations order." The divorce court's reliance on this provision was misplaced, however, as pension plans established for employees of state governments are expressly excluded from the Act's coverage. See 29 USCA §§ 1003 (b) (1) & 1002 (32).

Plaintiff argues that OCGA § 47-2-332 (a) is intended as a "spendthrift" provision to protect an employee's benefits from his creditors only. We cannot agree with such a narrow reading of the statute. The language is quite expansive and prohibits any transfer of property rights in benefits, whether voluntary or by legal process. See *Kirksey v. Teachers Retirement System of Ga.*, 250 Ga. 884 (3) (302 SE2d 101) (1983) (anti-attachment provisions of analogous Act render retirement benefits immune even from family support claims); Op. Atty. Gen. 77-18 (State employee cannot voluntarily transfer ERS benefits to spouse).

Moreover, even if the transfer of property rights in a portion of the ex-husband's benefits was not explicitly precluded by OCGA § 47-2-332 (a), ERS would not be authorized to make such a transfer. As an administrative body created by the legislature, ERS "has only such powers as the legislature has expressly, or by necessary implication, conferred upon it." *Bentley v. State Bd. of Med. Examiners of Ga.*, 152 Ga. 836, 838 (111 SE 379) (1922). ERS was established "for the purpose of providing retirement allowances and other benefits under this chapter for employees of the state." OCGA § 47-2-20. The power to transfer an employee's benefits to another is neither expressly granted nor necessary to carry out this purpose. And contrary to plaintiff's assertion, the use of the term "person" rather than "mem-

ber" or "employee" in OCGA § 47-2-332[1] does not contemplate transfer of an employee's rights in benefits to another; it simply recognizes that some benefits under the Act accrue to spouses or dependents of employees directly. See, e.g., OCGA § 47-2-128 (survivors benefits).

Plaintiff calls our attention to cases from other jurisdictions in which state retirement systems have been ordered to pay benefits to a non-employee ex-spouse directly. See, e.g., *Koelsch v. Koelsch*, 713 P2d 1234 (9) (Ariz. 1986). However, these cases are distinguishable because they are from community property states. In those states the spouse's benefits are jointly owned by both spouses as soon as they come into being during the course of the marriage; thus, no actual transfer of property rights is required to order the retirement system to pay the non-employee spouse directly. Moreover, these courts take a broader view of the powers of administrative agencies than we do. See *Koelsch*, 713 P2d at 1243 ("we see no reason why the retirement agencies should not send checks to both the employee and the non-employee spouses [because] [t]here is no language in the statute expressly precluding such an arrangement"). We are therefore not persuaded by these cases, and affirm the trial court's dismissal of plaintiff's complaint against ERS. Of course, plaintiff may still pursue her complaint against her ex-husband.

2. Plaintiff also argues that, to the extent OCGA § 47-2-332 (a) prevents her from recovering benefits from ERS directly, it violates her right to equal protection. As plaintiff failed to secure a ruling on this constitutional issue below, however, it is not properly raised on appeal. See *Wright v. Transus*, 209 Ga. App. 771 (2) (434 SE2d 786) (1993).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 13, 1995 —
RECONSIDERATION DENIED MARCH 17, 1995.

*Fraser & Bussart, Mark S. Fraser, Sherman C. Fraser,* for appellant.

*Michael J. Bowers, Attorney General, Susan L. Rutherford, Senior Assistant Attorney General, Kenneth L. Drucker,* for appellee.

---

[1] OCGA § 47-2-332 provides that rights "accruing to any person under this chapter" are exempt from tax and legal process, and are not assignable.