S95A0064. TRUST COMPANY BANK v. GEORGIA SUPERIOR
COURT CLERKS' COOPERATIVE AUTHORITY et al.

(456 SE2d 571)

FLETCHER, Justice.

This appeal involves the effective date of legislation creating a statewide filing and central indexing system for financing statements filed under the Georgia Uniform Commercial Code. We hold that January 1, 1995, is the effective date for the new filing and indexing system and affirm.

The Georgia General Assembly in 1993 and 1994 amended the Georgia Uniform Commercial Code to provide for the filing of financing statements in any county of the state to perfect a security interest in most types of personal property collateral. See OCGA § 11-9-401 (1) (1994). The legislation also established a central indexing system for all financing statements. See OCGA § 11-9-407. The 1993 legislation provided for an effective date of July 1, 1994, except for one provision related to filing fees. Ga. L. 1993, p. 1550, § 10. Before that effective date, the General Assembly again amended the Georgia UCC and set a beginning date of January 1, 1995, for certain provisions, but failed to specify an effective date for the entire act. See Ga. L. 1994, p. 1693.

Trust Company Bank filed an action seeking a writ of mandamus or a declaration that January 1, 1995, rather than July 1, 1994, was the effective date for both the statewide filing and central indexing system. The trial court held that the relevant provisions of the 1993 and 1994 legislation had an effective date of January 1, 1995, and denied the writ of mandamus. Trust Company appeals.

1. In interpreting statutes, this court must look for the legislature's intent. *City of Roswell v. City of Atlanta*, 261 Ga. 657 (410 SE2d 28) (1991). The court should consider the consequences of any proposed interpretation and not construe the statute to reach an unreasonable result unintended by the legislature. *General Electric Credit Corp. v. Brooks*, 242 Ga. 109, 112 (249 SE2d 596) (1978). The last expression of the legislature on a subject guides the court in its construction. *Bd. of Trustees v. Christy*, 246 Ga. 553, 555 (272 SE2d 288) (1980).

The rules of statutory construction indicate that the legislature intended for January 1, 1995, to be the effective date for the new fil-

ing and indexing system. The Georgia General Assembly amended the Georgia UCC to provide a uniform, cost-efficient method for filing and locating financing statements. It established a statewide system that permits filing in any county and searching in a central index. In creating the Georgia Superior Court Clerks' Cooperative Authority to administer the index, the legislature stated that the authority's purpose is to compile and distribute "record management systems, information, services, supplies, and materials" to serve the public interest in uniformity, efficiency, and cost savings. See OCGA §§ 11-9-407; 15-6-94 (a) (3). It would not serve the public interest in a uniform, cost-efficient system to have July 1, 1994, as the effective date for the statewide filing procedure and January 1, 1995, as the effective date for the central indexing system. The six-month gap would require additional time, expense, and inconvenience in searches of financing statements within the state.

The language of the 1994 act supports January 1, 1995, as the effective date for the filing and indexing system.[1] First, the 1994 act specifically replaces July 1, 1994, with January 1, 1995, as the effective date in different provisions. Section 7 provides that a real estate mortgage may not be filed as a fixture filing on and after January 1, 1995, and section 13 establishes January 1, 1995, as the effective date for transition rules. Ga. L. 1994, p. 1693, §§ 7, 13. Second, the 1994 act provides that the central index shall consist of "all currently effective original financing statements filed on or after January 1, 1995." Id. at 1709, § 11. Finally, the 1994 act repeals all laws that are in conflict with it. Id., § 16. This provision thus repeals the section of the 1993 act that established an effective date of July 1, 1994, for provisions related to the statewide filing and indexing system. Because the trial court declared January 1, 1995, as the effective date for all portions of the legislation "integral to the statewide filing and central indexing system for financing statements," we affirm.

2. The trial court properly denied the writ of mandamus. The acts impose no duty on superior court clerks to transmit filing statements or on the authority to index financing statements filed prior to January 1, 1995.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 8, 1995.

*Hulbert, Daniel & Lawson, Tom W. Daniel, King & Spalding, Ralph A. Pitts, Robert R. Ambler, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Senior*

---

[1] We do not address the effective date for provisions of the 1994 act unrelated to the filing and indexing system since that issue was not raised in this appeal.

*Assistant Attorney General, W. Wright Banks, Jr., Assistant Attorney General, Walker, Hulbert, Gray & Byrd, Charles W. Byrd,* for appellees.