580 S.E.2d 636 (2003)
260 Ga. App. 635
In the Interest of K.M. et al., children.
No. A03A0357.
Court of Appeals of Georgia.
March 27, 2003.
*637 Stephen B. Taylor, Statesboro, for appellants.
Thurbert E. Baker, Atty. Gen., Dennis R. Dunn, Deputy Atty. Gen., William C. Joy, Senior Asst. Atty. Gen., Shalen S. Nelson, Asst. Atty. Gen., Anne R. Moore, Statesboro, for appellee.
JOHNSON, Presiding Judge.
The parents of two girls appeal from an order terminating their parental rights. They have not shown any error, and this court therefore has no choice but to affirm the judgment of the lower court.
The record reveals that K.M. was born on August 17, 1990, and C.M. was born on August 7, 1998. On July 28, 2000, the Department of Family and Children Services received a report that K.M. had been sexually abused by her father. The next day a Department caseworker interviewed K.M., who stated that her father had put his finger into her vagina and his thumb into her anus. The caseworker then spoke with the girl's parents. The father refused to allow the caseworker to interview himself and his wife separately, so the caseworker interviewed them together, and they both denied that any abuse had occurred. Based on K.M.'s allegations, the Department took custody of both K.M. and C.M., filed a deprivation petition, and developed a plan to reunite the children with the parents.
The family was referred to a psychologist for evaluations. After numerous interviews, the psychologist concluded that K.M. had been sexually molested by the father, and diagnosed her as being moderately mentally retarded and as suffering from post-traumatic stress disorder and attention deficit hyperactivity disorder. The psychologist concluded that K.M. had been abused based on her repeated statements that her father had molested her and on her behaviors that are consistent with having been molested, such as wetting the bed, being overly aware of sexual matters for her age, and acting out sexually with other children. The psychologist further concluded that C.M. had probably been molested too, and that the parents are both mildly mentally retarded and have mental health conditions which render them incapable of properly caring for K.M. and C.M.
A hearing was held on the deprivation petition. After the hearing, the juvenile court issued orders finding that K.M. and C.M. are deprived, that reunification of the children and parents is not appropriate, and that the Department should have temporary legal custody of the children. The parents did not appeal from these orders, and the Department developed a nonreunification plan and petitioned to terminate parental rights.
A hearing was held on the termination petition. At the hearing, the psychologist and Department caseworkers testified about the sexual abuse claims and the parents' *638 abilities. The children's guardian ad litem recommended that parental rights be terminated. The court subsequently granted the petition and terminated the mother's and father's parental rights.
The parents appeal from the termination order. Their brief contains a statement of the procedural posture of the case, but no statement of facts. The brief sets forth two errors: that the trial court erred in finding present parental misconduct, and that the court improperly determined the children's deprivation would continue in the future. The one-page argument section of their brief in support of these two enumerations simply makes conclusory statements that the court disregarded the parents' testimony about improvements they have made in their home situation and about having substantially complied with the Department's case plans. Nowhere in the brief have the parents made any citations to evidence in the record.
"Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."[1] Because the parents have failed to support their enumerated errors with specific reference to the record or transcript, this court need not search for or consider those enumerations.
Nevertheless, out of an abundance of caution, we have reviewed the entire record and find sufficient evidence to support the juvenile court's order. In deciding whether to terminate parental rights, a juvenile court must first determine if there is clear and convincing evidence of parental misconduct or inability, and then the court must determine if termination is in the best interests of the children.[2] On appeal from a termination order, the standard of review is whether a rational trier of fact could have found clear and convincing evidence that parental rights were lost.[3]
In the instant case, the juvenile court heard evidence that the father had sexually abused K.M., that C.M. had also been exposed to sexual activity while in the parents' custody, that the father had previously abused alcohol and had physically abused the mother, that both parents have intellectual deficiencies and mental health conditions which limit their parental capabilities, that their employment history is unstable, that they failed to comply with the case plan goal of obtaining psychological counseling, and that both children have special needs that the parents are not able to meet.
Based on the record, we conclude that a rational trier of fact could have found clear and convincing evidence of present parental misconduct and that the children's deprivation would continue in the future. We therefore affirm the judgment of the trial court.[4]
Judgment affirmed.
ELDRIDGE and MIKELL, JJ., concur.
NOTES
[1] Court of Appeals Rule 27(c)(3)(i).
[2] In the Interest of B.A.S., 254 Ga.App. 430, 435(3), 563 S.E.2d 141 (2002).
[3] Id.
[4] See In the Interest of D.H., 243 Ga.App. 778, 780-784, 534 S.E.2d 466 (2000).