A08A0661. SHELL v. TEACHERS RETIREMENT SYSTEM OF GEORGIA et al.
(662 SE2d 345)

RUFFIN, Presiding Judge.

Bibiana Riall Shell ("Shell") brought a declaratory judgment action against Teachers Retirement System of Georgia ("TRS") and Gloria Gale Shell, her husband's former wife, to determine the proper beneficiary for her deceased husband's retirement benefits. The trial court dismissed Shell's claims against the defendants, and

---

she appeals. For reasons that follow, we affirm.

In her complaint, Shell alleges that she was married to Daniel Shell, Jr., until he died on August 20, 2000. Mr. Shell, a former teacher employed by the Atlanta Board of Education, had a retirement account with TRS. After his death, Shell requested that TRS pay her the funds remaining in her late husband's retirement account. TRS refused on the basis that Mr. Shell's former wife, Gloria Gale Shell, was listed as his beneficiary.

Shell filed a declaratory judgment action against both TRS and Gloria Gale Shell, alleging that "[l]egitimate questions exist as to who is entitled to the funds in the retirement account of Daniel Shell, Jr." Specifically, Shell maintained that Gloria Gale Shell ceased being the beneficiary pursuant to her divorce decree, which provided that Mr. Shell retained all funds in his TRS retirement account. TRS filed a motion to dismiss, arguing that Shell failed to state a claim upon which relief could be granted because TRS was legally required to pay Mr. Shell's retirement benefits to the last-filed beneficiary designation. The trial court granted the motion, dismissing Shell's claims against TRS and Gloria Gale Shell, and Shell appeals.[1]

At the outset, we must address multiple deficiencies in Shell's brief. First, her brief does not include the required "statement of the method by which each enumeration of error was preserved for consideration."[2] Shell has also failed to number the pages of her brief, in violation of Court of Appeals Rule 24 (e). Further, our rules require "a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal and the citation of such parts of the record or transcript essential to a consideration of the errors complained of."[3] "Each enumerated error shall be supported in the brief by specific reference to the record or transcript."[4] Despite these clear requirements, Shell has failed to refer to the record.[5] Thus, we need not consider her enumeration.[6]

Notwithstanding the grave deficiencies of her brief, however, Shell's appeal still presents no basis for review. In her sole enumeration, Shell contends that "[t]he trial court erred in its grant of

---

[1] Gloria Gale Shell is a party to this appeal. We note, however, that it does not appear from the record that she was ever served, nor that she moved to dismiss Shell's claims.

[2] Court of Appeals Rule 25 (a) (1).

[3] Id.

[4] Court of Appeals Rule 25 (c) (2) (i).

[5] In her only reference, Shell directs us to "the divorce decree attached to plaintiff's complaint as 'Exhibit B.' " This is insufficient, however, as it fails to comply with Court of Appeals Rule 25 (c) (2) (iii) which requires that "[r]eference to the record should be indicated by specific volume or part of the record and by (R-Page Number of the Record)."

[6] See Court of Appeals Rule 25 (c) (2) (i); *In the Interest of K. M.*, 260 Ga. App. 635, 636 (580 SE2d 636) (2003).

summary judgment to the defendants because there is a genuine issue of material fact that needs to be presented to the jury." But none of the parties moved for summary judgment. And it is apparent that Shell's use of the term "summary judgment" was more than a mere scrivener's error, as she sets forth the standard of review for summary judgment and argues repeatedly in her brief that the trial court erred in granting summary judgment. Moreover, it is clear that the order signed by the trial court was an order of *dismissal* and not the grant of summary judgment.

Nevertheless, we have reviewed the trial court's ruling and find no error. Georgia law provides that upon the death of a TRS member, TRS is required to pay the applicable retirement benefits to "the beneficiary nominated by the member by means of a written designation duly executed and filed with the board of trustees."[7] Retirement benefits from TRS are generally exempt from attachment and are not assignable.[8] Thus, the trial court did not err in dismissing Shell's claims against TRS.[9]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED MAY 19, 2008.

*Francis O. Kadiri*, for appellant.
*Thurbert E. Baker, Attorney General, Annette M. Cowart, Senior Assistant Attorney General*, for appellees.

---

[7] OCGA § 47-3-123 (a).

[8] See OCGA § 47-3-28 (a).

[9] See *Bryant v. Employees Retirement System of Ga.*, 216 Ga. App. 737, 738 (1) (455 SE2d 839) (1995) (divorce court cannot compel the Employees Retirement System of Georgia to pay a state employee's retirement benefits to his wife, as such benefits are exempt from attachment and not assignable).