A10A1439. ADVENTURE OUTDOORS, INC. et al.
v. BLOOMBERG et al.

(705 SE2d 241)

BARNES, Presiding Judge.

Adventure Outdoors, Inc., a Georgia business that sells firearms, appeals the dismissal of its slander complaint against New York City Mayor Michael Bloomberg, The Nooner Investigative Group, Tanya Marie Nooner, Melissa Merced, Joseph Tounsel,[1] The James Mintz Group,[2] James Mintz, Michael Cardozo,[3] John Feinblatt,[4] and Raymond Kelly.[5] The trial court dismissed the suit because Adventure Outdoors failed to submit the affidavit required by OCGA § 9-11-11.1, the Georgia Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") Statute.

The trial court found that the statements in the complaint were made by officials in the context of providing information to the public about a public nuisance lawsuit filed by the City of New York against a number of gun dealers, including Adventure Outdoors. The court further found that the acts by the defendants alleged in Adventure Outdoors' complaint could "reasonably be construed as an act in furtherance of the right to free speech or the right to petition the government for redress of grievances under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern." Finally, the court found that Adventure Outdoors had failed to submit the verification required by OCGA § 9-11-11.1 (b) even though this failure had been repeatedly called to its attention. Therefore, the trial court dismissed the action because of Adventure Outdoors' failure to comply with the anti-SLAPP statute.

Adventure Outdoors contends the trial court erred by finding that citizens of another state were entitled to the protection of the Georgia anti-SLAPP statute, and erred by finding that the New York defendants were arguably acting in furtherance of the right of free speech. Adventure Outdoors further contends the trial court erred by failing to consider whether the words used by the New York defendants were said in good faith and met the "fair and honest" requirements of OCGA § 51-5-7 (4) and (6), defining privileged communications not subject to slander claims. We disagree and affirm the trial court.

---

[1] Nooner, Merced, and Tounsel were Georgia residents associated with the Nooner Investigative Group of private detectives.

[2] Apparently another group of private detectives.

[3] The City's Corporate Counsel.

[4] The City's Criminal Justice Coordinator.

[5] The City's Chief of Police.

In May 2006, in what it termed an effort to curb the "serious problem of gun violence caused by the flow of illegal guns into the City," the City filed suit in the Eastern District of New York against 15 gun dealers, including Adventure Outdoors, Inc. In its complaint the City alleged that the dealers created a dangerous public nuisance in the City by engaging in illegal sales practices that resulted in arming criminals there and sought injunctive relief to correct the problem. The New York defendants then held a press conference, the purpose of which was purportedly "to inform and educate the citizens of New York about the litigation, the nature of illegal gun trafficking, and the City's efforts to address the problem." The City's press release listed the 15 gun dealers; according to Adventure Outdoors, at the press conference the mayor, the criminal justice coordinator, and the chief of police said that most of the illegal guns used to commit crimes in New York City were sold by "rogue gun dealers" who refused to obey federal laws, that the City caught them breaking federal laws regulating gun sales, that they were "bad apples" who routinely ignored federal regulations, and that the dealers were reckless, careless, and "had blood on their hands." The press conference was covered by print and electronic media and broadcast all over the country, including Georgia.

After the press conference, Adventure Outdoors filed this slander action, and after removal to federal court, remand to the trial court, two dismissals, and two refilings, the trial court granted the New York defendants' motion to dismiss this third complaint due to Adventure Outdoors' failure to file an anti-SLAPP affidavit.

The relevant sections of OCGA § 9-11-11.1 provide:

(a) The General Assembly of Georgia finds and declares that it is in the public interest to encourage participation by the citizens of Georgia in matters of public significance through the exercise of their constitutional rights of freedom of speech and the right to petition government for redress of grievances. The General Assembly of Georgia further finds and declares that the valid exercise of the constitutional rights of freedom of speech and the right to petition government for a redress of grievances should not be chilled through abuse of the judicial process.

(b) For any claim asserted against a person or entity arising from an act by that person or entity which could reasonably be construed as an act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern, both

the party asserting the claim and the party's attorney of record, if any, shall be required to file, contemporaneously with the pleading containing the claim, a written verification under oath as set forth in Code Section 9-10-113. Such written verification shall certify that the party and his or her attorney of record, if any, have read the claim; that to the best of their knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the act forming the basis for the claim is not a privileged communication under paragraph (4) of Code Section 51-5-7 [providing that statements made in good faith regarding issues of public concern as defined in OCGA § 9-11-11.1 are not subject to libel or slander claims]; and that the claim is not interposed for any improper purpose such as to suppress a person's or entity's right of free speech or right to petition government, or to harass, or to cause unnecessary delay or needless increase in the cost of litigation. If the claim is not verified as required by this subsection, it shall be stricken unless it is verified within ten days after the omission is called to the attention of the party asserting the claim. . . .

(e) Nothing in this Code section shall affect or preclude the right of any party to any recovery otherwise authorized by common law, statute, law, or rule.

1. Adventure Outdoors contends that in dismissing its complaint the trial court failed to properly assess the litigation's merits under the anti-SLAPP statute, because OCGA § 9-11-11.1 (a) limits the statute's protection only to citizens of Georgia. "The interpretation of a statute is a question of law, which is reviewed de novo on appeal." (Punctuation omitted.) *Joe Ray Bonding Co. v. State of Ga.*, 284 Ga. App. 687, 688 (644 SE2d 501) (2007). The Supreme Court of Georgia has summarized the guidelines for statutory interpretation:

In construing a statute, our goal is to determine its legislative purpose. In this regard, a court must first focus on the statute's text. In order to discern the meaning of the words of a statute, the reader must look at the context in which the statute was written, remembering at all times that the meaning of a sentence may be more than that of the separate words, as a melody is more than the notes. If the words of a statute, however, are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to

> follow the meaning of those words. If, on the other hand, the words of the statute are ambiguous, then this Court must construe the statute, keeping in mind the purpose of the statute and "the old law, the evil, and the remedy." OCGA § 1-3-1 (a).

(Citations and punctuation omitted.) *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999). Further, a statute should be read according to the natural and most obvious import of its language without resorting to subtle and forced constructions to limit or extend its operation. *Burbridge v. Hensley*, 194 Ga. App. 523, 524 (1) (391 SE2d 5) (1990). One of the cardinal rules of statutory construction, however, requires the courts to "consider the consequences of any proposed interpretation and not construe the statute to reach an unreasonable result unintended by the legislature. [Cit.]" *Trust Co. Bank v. Ga. Superior Court Clerks' Coop. Auth.*, 265 Ga. 390 (1) (456 SE2d 571) (1995).

Thus, the initial question is whether OCGA § 9-11-11.1 (a) ("it is in the public interest to encourage participation *by the citizens of Georgia* in matters of public significance") encompasses a press conference held outside the territorial limits of Georgia by individuals who are not citizens of this State. Pretermitting whether language in subsection (a) is merely part of the preamble of the statute and thus could not limit "the plain meaning of the body of the act," *Bentley v. State Bd. of Med. Examiners*, 152 Ga. 836, 839 (111 SE 379) (1922), we find that considering the text of the statute, the legislature's purpose in enacting it, and the "evil" the anti-SLAPP was designed to correct, the New York defendants are entitled to the protection of OCGA § 9-11-11.1.

Although the General Assembly obviously intended to protect Georgia citizens in enacting the statute, nothing in OCGA § 9-11-11.1 (a) limits the scope of the statute only to citizens of Georgia. Subsection (a) merely states that it is in the public's interest to encourage Georgia citizens to participate in matters of public significance by exercising their rights to free speech and to petition the government. It contains no words of limitation, and, while designed to encourage participation by Georgia citizens, it does not state that citizens of other states cannot receive the benefits of the anti-SLAPP statute if it otherwise applies. Moreover, subsection (b) of OCGA § 9-11-11.1 states that the statute applies to "a person or entity" being sued and contains no limitation on citizenship. The intent of the anti-SLAPP statute is to encourage the exercise of constitutionally protected free speech. *Denton v. Browns Mill Dev. Co.*, 275 Ga. 2, 6 (561 SE2d 431) (2002). Accordingly, we find that the trial court did not err by holding

that the New York defendants were entitled to rely upon OCGA § 9-11-11.1.

Although in *Metzler v. Rowell*, 248 Ga. App. 596, 597 (1) (547 SE2d 311) (2001), this court stated that the anti-SLAPP statute was "intended to protect Georgia citizens who participate in 'matters of public significance through the exercise of their constitutional rights of freedom of speech and the right to petition government for redress of grievances' from 'abuse of the judicial process,'" that statement was not a holding in the case. Consequently, it is "not to be considered as having been so decided as to constitute precedents." (Citation and punctuation omitted.) *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (114 SE2d 529) (1960).

2. Next, we must consider whether the press conference itself falls within the scope of OCGA § 9-11-11.1 (c):

> As used in this Code section, "act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern" includes any written or oral statement, writing, or petition made before or to a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, or any written or *oral statement, writing, or petition made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law.*

(Emphasis supplied.) In measuring the breadth of conduct protected by the statute, we note that this court has previously held that OCGA § 9-11-11.1 creates an "expansive definition" of protected speech, which includes "any statement made to any official proceeding authorized by law; or any statement made *in connection with an issue under consideration* by any official proceeding." (Punctuation omitted; emphasis in original.) *Metzler*, 248 Ga. App. at 598 (1). The anti-SLAPP statute operates to protect a person from lawsuits that are initiated in response to such protected statements. To prevent such abuse, the statute requires that any claim that could "reasonably be construed as infringing upon these rights must be accompanied by a detailed verification and provides for a motion to dismiss and hearing on this issue. OCGA § 9-11-11.1 (b)." Id. at 597-598 (1).

As the press conference was held to address an issue under consideration by a judicial body, i.e., the lawsuit recently filed in federal court in New York, Adventure Outdoors was required to file a verification under OCGA § 9-11-11.1 (b). As Adventure Outdoors

refused to file such a verification, the trial court did not err by dismissing its complaint. *Hawks v. Hinely*, 252 Ga. App. 510, 515 (1) (c) (556 SE2d 547) (2001); *Metzler*, 248 Ga. App. at 598, 600.

Adventure Outdoors argues that it was entitled to challenge whether the merit of the statements made during the press conference entitled the New York defendants to the protections of the anti-SLAPP statute. In this case, however, the trial court was not required to consider the merit of the statements made by defendants because Adventure Outdoors and its attorney refused to file a verification certifying the merits of the claim. Absent such a verification, dismissal was proper.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED NOVEMBER 24, 2010 —
RECONSIDERATION DENIED DECEMBER 13, 2010 — 

*Robert L. Barr, Jr., Edwin Marger*, for appellants.
*Dow & Lohnes, Peter C. Canfield, Marcia B. Stadeker, Parker, Hudson, Rainer & Dobbs, Jared C. Miller*, for appellees.

