**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 9, 2018**

# In the Court of Appeals of Georgia

A17A2137. JUBILEE DEVELOPMENT PARTNERS, LLC et al. v. STRATEGIC JUBILEE HOLDINGS, LLC et al.

BETHEL, Judge.

Jubilee Development Partners, LLC, Minchew Enterprises LLC, Ronald Reeser, Mason Drake, and Kenneth Minchew (collectively, "Appellants") appeal from the denial of their motion to strike or in the alternative, motion to dismiss the complaint filed against them for violation of Georgia's statute regarding strategic lawsuits against public participation (the "anti-SLAPP" statute). They argue that the trial court erred in denying their motion, and that the Georgia suit is subject to the anti-SLAPP statute. We disagree and affirm because the claims brought in the Georgia suit are not based on an act in furtherance of the rights of free speech or petition, and therefore do not fall under the anti-SLAPP statute.

We review de novo the trial court's denial of the Appellants' motion to dismiss. *See Rogers v. Dupree*, 340 Ga. App. 811, 814 (2) (799 SE2d 1) (2017). "In reviewing the trial court's order, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor." *Emory Univ. v. Metro Atlanta Task Force for the Homeless, Inc.*, 320 Ga. App. 442, 443 (740 SE2d 219) (2013) (punctuation and footnote omitted).

So viewed, the record shows that in 2015, Jubilee Investment Holdings, LLC was formed to purchase and hold 2,718 acres of land in Santa Rosa County, Florida. Jubilee Manager was simultaneously formed to serve as the managing member of Jubilee Investment Holdings,[1] and was expected to lead the development of the Florida property. The membership of Jubilee Manager consists of: (1) Appellant Jubilee Development Partners;[2] (2) Appellant Minchew Enterprises;[3] (3) non-party

---

[1] Strategic Jubilee Holdings is also a member of Jubilee Investment Holdings.

[2] The individual members of Jubilee Development Partners are Appellants Ronald Reeser and Mason Drake.

[3] The individual member of Minchew Enterprises is Appellant Kenneth Menchew.

River Life Investments, LLC; and (4) Strategic Jubilee Holdings.[4] After acquisition of the property by Jubilee Investment Holdings, Jubilee Manager began pursuing development of the property. Jubilee Development Partners funded some portion of these efforts.

In January 2016, Appellants received letters from Strategic Jubilee Holdings alleging that Jubilee Manager was in material breach of Jubilee Investment Holdings's operating agreement and that Reeser, Minchew, and Drake were in material breach of Jubilee Manager's operating agreement, in both cases for failing to make capital contributions. The Appellants disputed this. However, relying on these alleged defaults, Freeman and Novak voted to remove Jubilee Manager as the managing member of Jubilee Investment Holdings, substituting their own company — Strategic Jubilee Holdings — as the managing member. Freeman and Novak then indicated that they no longer intended to develop the property, but instead would donate a large portion of it to the State of Florida.

On November 1, 2016, Appellants and Jubilee Manager filed suit in Florida against Freeman, Novak, Strategic Jubilee Holdings, and additional entities seeking

---

[4] The individual members of Strategic Jubilee Holdings are James Freeman and Ricky Novak.

damages and injunctive relief for the wrongful removal of Jubilee Manager as the managing member of Jubilee Investment Holdings and for the attempt to donate the property. They also recorded a notice of lis pendens against the Florida property. On November 7, 2016, Reeser also wrote a letter on behalf of Jubilee Manager to the Santa Rosa County Attorney claiming that Jubilee Manager remained the managing member of Jubilee Investment Holdings, and that the proposed plan was unlawful. The letter mentioned the pending Florida suit and that an injunction staying any transfers of the property had been sought.

Strategic Jubilee Holdings filed a motion to dismiss the action and to dissolve the lis pendens the Appellants had placed on the property. The Florida court granted the motion to dissolve the lis pendens, finding that Jubilee Investment Holding's ownership of the land was not in question. Appellants then voluntarily dismissed their Florida lawsuit.

On December 7, 2016, Strategic Jubilee Holdings and Jubilee Manager filed suit against Appellants in Georgia, seeking a declaratory judgment that Jubilee Development Partners and Minchew Enterprises are not members of Jubilee Manager because they failed to make requisite capital contributions. . Strategic Jubilee Holdings and Jubilee Manager also brought a breach of contract claim against Jubilee

4

Development Partners and Minchew Enterprises for failing to make capital contributions under the Jubilee Manager operating agreement, as well as a claim for breach of fiduciary duty against Reeser, Drake, and Minchew for failing to cause Jubilee Development Partners and Minchew Enterprises to pay their initial capital contributions. In response, Appellants sent a letter informing counsel for Strategic Jubilee Holdings and Jubilee Manager that the action violated Georgia's anti-SLAPP statute. Strategic Jubilee Holdings and Jubilee Manager then filed an amended complaint, clarifying that the letter sent to the Santa Rosa county attorney, ostensibly on behalf of Jubilee Manager, demonstrated the existence of a dispute over which entity is the proper manager of Jubilee Investment Holdings. Appellants filed a motion to strike or in the alternative, motion to dismiss the complaint for violation of Georgia's anti-SLAPP statute.

Following a hearing, the trial court denied the motion. The trial court held that, even assuming the Florida lawsuit and letter to the county attorney were acts of free speech, the claims in the Georgia suit did not arise from those acts. Rather, the Georgia lawsuit involved a dispute over corporate governance and membership in Jubilee Manager. Thus, the anti-SLAPP statute did not apply. This appeal followed.

The Appellants argue that the claims in the Georgia action arise from their petitioning activity in Florida, and therefore the anti-SLAPP statute should apply. We disagree.

"A strategic lawsuit against public participation (SLAPP action) is a lawsuit intended to silence or intimidate critics or opponents by overwhelming them with the cost of a legal defense until they abandon that criticism or opposition." *Rogers*, 340 Ga. App. at 814 (2). Georgia's anti-SLAPP statute is intended to protect persons exercising their rights to free speech and to petition. *See* OCGA § 9-11-11.1 (a). The statute provides that

> [a] claim for relief against a person or entity arising from any act of such person or entity which could reasonably be construed as an act in furtherance of the person's or entity's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern shall be subject to a motion to strike unless the court determines that the nonmoving party has established that there is a probability that the nonmoving party will prevail on the claim.

OCGA § 9-11-11.1 (b) (1).

An act in furtherance of a person's or entity's right of petition or constitutionally guaranteed free speech includes any written statement, writing, or

petition made before a judicial proceeding or in connection with an issue under consideration or review by a judicial body. OCGA § 9-11-11.1 (c) (1) & (2). Thus, "[f]or the procedural protections of the anti-SLAPP statute to apply, there must be a threshold showing that the claims could reasonably be construed as a statement or petition made in relation to or in connection with an actual official proceeding." *Emory*, 320 Ga. App. at 445 (1) (footnote omitted). *See also Rogers*, 340 Ga. App. at 815 (2). "The anti-SLAPP statute operates to protect a person from lawsuits that are initiated in response to such protected statements." *Adventure Outdoors, Inc. v. Bloomberg*, 307 Ga. App. 356, 360 (2) (705 SE2d 241) (2010).

However, the claims for declaratory relief as well as those for breach of contract and breach of fiduciary duties brought by Strategic Jubilee Holdings and Jubilee Manager in the Georgia suit did not arise from the voluntarily dismissed Florida action. Rather, the claims in the Georgia suit arose from a dispute as to corporate governance and membership based on compliance with the terms of the operating agreements for Jubilee Manager and Jubilee Investment Holdings.

Nor did the Georgia suit arise from the letter sent to the county attorney. *Compare Barnett v. Holt Builders, LLC*, 338 Ga. App. 291, 291, 294-97 (790 SE2d 75) (2016) (defamation claims subject to anti-SLAPP statute where the claims were

based on an email sent by a party to a preceding suit commenting on that litigation); *Metzler v. Rowell*, 248 Ga. App. 596, 598-599 (1) (547 SE2d 311) (2001) (letter written by an attorney to parties in pending litigation that was directed to the owner of land involved in litigation and a developer interested in purchasing the land was made "in connection with an issue" under consideration by a judicial body, and a subsequent lawsuit that was brought based on the sending of this letter was subject to anti-SLAPP statute). The only relevance of the letter to the Georgia suit is to demonstrate the need for a declaratory judgment that would clarify whether Jubilee Manager has the authority to act for and speak on behalf of Jubilee Investment Holdings. Because the causes of action raised in the Georgia suit are not based on an act in furtherance of the rights of free speech or petition, those causes of action do not fall under the anti-SLAPP statute and are not afforded its procedural protections. *See Denton v. Browns Mill Dev. Co., Inc.*, 275 Ga. 2, 6 (561 SE2d 431) (2002).

*Judgment affirmed. McFadden, P. J., and Branch, J., concur*.